### CITY OF COLUMBUS, Appellee,

### v.

### LINK, Appellant.

[Cite as *Columbus v. Link* (1998), 127 Ohio App.3d 122.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APC09–1214.

Decided March 31, 1998.

*Janet E. Jackson,* City Attorney, *Stephen L. McIntosh,* City Prosecutor, and *Brenda J. Keltner,* Assistant City Prosecutor, for appellee.

*Wayne E. Link, pro se.*

PETREE, Judge.

This matter is before this court upon the appeal of defendant, Wayne E. Link, from his conviction by the Franklin County Municipal Court of disorderly conduct in violation of Columbus City Code ("C.C.") 2317.11(A)(1). Defendant asserts the following eight assignments of error:

"1. The trial court erred by refusing to grant this indigent defendant's request to order Franklin County to pay for the trial transcript, thereby precluding him an opportunity to present his case in full to this court of appeals.

"2. The trial court abused its discretion by not dismissing the appellee's case because it did not provide discovery to the appellant in a timely manner.

"3. The trial court abused its discretion because it did not permit the appellant, during his cross-examination, to review complaining witnesses' statements concerning the circumstances of the case in camera to determine inconsistencies in their statements pursuant to Ohio Criminal Rule 16.

"4. Trial court erred because it did not dismiss this case due to a lack of subject matter jurisdiction.

"5. Trial court erred in not dismissing the appellee's case because the appellant's behavior was protected by freedom of speech.

"6. Trial court abused its discretion because it did not instruct the jury on the appellant's defenses of justification.

"7. Trial court abused its discretion in not dismissing the appellee's case because it did not meet its burden of proof.

"8. Trial court erred in ordering the defendant to leave the courtroom while the court addressed the jury concerning the appellant's guilt."

On July 24, 1997, defendant was charged with disorderly conduct in violation of C.C. 2317.11(A)(1) stemming from an incident occurring on July 17, 1997. Defendant entered a plea of not guilty and demanded a jury trial. The record demonstrates that no demand for discovery was filed by defendant. A pretrial hearing was held on August 15, 1997, at which time trial was scheduled for September 10, 1997. At the conclusion of trial, the jury found defendant guilty. The trial court sentenced defendant to thirty days in jail, with all days suspended for one year's probation. The trial court also imposed a fine of $150 plus court costs, finding defendant able to pay. Defendant filed a timely appeal to this court on September 17, 1997.

Along with his notice of appeal, defendant filed an "Affidavit of Indigency" and a copy of an "Order for Official Transcript of Proceedings." In his affidavit, defendant listed his average weekly income for 1997 as $650.48 from his solo private law practice; his assets as $4,447; and his liabilities as $23,976. Thereafter, on September 19, 1997, defendant filed a motion in this court requesting that the state pay the cost of a transcript of the trial proceedings for purposes of appeal. In his memorandum in support of his motion, defendant asserted that he had a constitutional right to a trial transcript to support his appeal and that his indigency affidavit established his financial condition. This court denied defendant's request by entry dated September 26, 1997, finding that defendant had not demonstrated that he was unable to afford the cost of a transcript.

On October 1, 1997, defendant filed a motion requesting this court to reconsider its denial of his earlier motion. In this motion, defendant stated that he filed Chapter 7 bankruptcy proceedings on June 10, 1997. This court denied defendant's motion to reconsider by journal entry dated October 10, 1997. This court noted that defendant's affidavit of indigency established that he earned approximately \$33,825 in 1997 and that his bankruptcy filing relieved him of some or all of the accumulated debt listed in his affidavit. Having so found, this court concluded that defendant had demonstrated no basis for reaching a different conclusion as to his alleged indigency.

On October 16, 1997, defendant filed a motion in the trial court requesting a transcript at state expense. In his motion, defendant stated that he filed Chapter 7 bankruptcy proceedings on June 10, 1997, that he had been late paying office and apartment rent for the past two months, and that his income was severely restricted. The trial court denied defendant's motion by entry dated October 20, 1997. In its entry, the trial court noted that defendant failed to appear for a hearing scheduled to address his financial status. The trial court determined that defendant was not indigent based upon the supporting documentation submitted by defendant.

■ By his first assignment of error, defendant asserts that the trial court erred in refusing to grant his request for a transcript at state expense. Defendant argues that he needs the transcript "to present his case in full to this court of appeals." Defendant's request for a transcript at state expense was overruled by this court in two separate journal entries. See journal entries dated September 26, 1997 and October 10, 1997. Thus, this issue is barred under the doctrine of *res judicata.* See *State v. Tran* (Feb. 13, 1997), Franklin App. No. 96APA07–882, unreported, 1997 WL 65542.

Furthermore, defendant claims that he was prevented from adequately presenting his appeal due to the denial of a transcript at state expense. However, defendant could have availed himself of the options available under App.R. 9(C) or (D). App.R. 9(C) allows an appellant to submit a narrative transcript of the proceedings when a transcript is unavailable, subject to objections from the appellee and approval from the trial court. App.R. 9(D) authorizes parties to submit an agreed statement of the case in lieu of the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 200, 15 O.O.3d 218, 220–221, 400 N.E.2d 384, 386. There is nothing in the record to indicate that defendant made any effort to avail himself of these alternatives.

■ The Ohio Supreme Court has described the App.R. 9(C) narrative statement as "an available, reliable alternative to an appellant unable to bear the cost of a transcript." *State ex rel. Motley v. Capers* (1986), 23 Ohio St.3d 56, 58, 23

OBR 130, 132, 491 N.E.2d 311, 313. Furthermore, as noted by the Cuyahoga County Court of Appeals in *State v. Kennedy* (Dec. 9, 1993), Cuyahoga App. No. 64065, unreported, 1993 WL 515631:

"By the enactment of App.R. 9(C) and (E), it is no longer a viable argument in Ohio that a person's constitutional right to an appeal is denied by the unavailability of the transcript of proceedings. The rule provides the mechanism by which a party may place in the record those facts that would help to effectuate his appeal * * *.

" * * * *

"Appellant's argument that there is no alternate means available to present a fair and just appeal when a transcript is unavailable has no legal foundation, and therefore, is not well taken."

Accordingly, defendant's first assignment of error is not well taken.

By the second through eighth assignments of error, defendant raises issues regarding alleged discovery violations by the prosecution, improper comments by the trial court, sufficiency of the evidence, subject matter jurisdiction, improper cross-examination, and improper jury instructions. The scant record available to this court reveals that none of the issues raised by defendant was the subject of written motions or entries. As noted above, defendant did not provide a transcript of the proceedings, nor did he attempt to present a complete record on appeal pursuant to App.R. 9(C) or (D). Thus, it is impossible for this court to determine whether defendant orally raised these issues at trial, let alone whether the trial court improperly ruled on them.

■ Upon appeal of an adverse judgment, it is incumbent upon the party appealing the judgment to ensure that the record or whatever portions of the record are necessary for determination of the appeal are filed with the court in which review is sought. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564; App.R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. *Knapp, supra*, 61 Ohio St.2d at 199, 15 O.O.3d at 219–220, 400 N.E.2d at 385–386. Accordingly, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* This principle is premised on the idea that an appellant's lack of diligence in securing the record should inure to an appellant's, rather than an appellee's, disadvantage. *Rose Chevrolet, supra*, 36 Ohio St.3d at 19, 520 N.E.2d at 565–566.

In *Farmers Production Credit Assn. of Ashland v. Stoll* (1987), 37 Ohio App.3d 76, 523 N.E.2d 899, the court stated that since the appellant in that case had neither included a trial transcript in the record on appeal, nor provided any substitute statement of the evidence as permitted by App.R. 9(C) and (D), nor filed an App.R. 9(B) statement indicating that a transcript was not needed in order to consider the appeal, the appellant could not have demonstrated the error of which he had complained and, accordingly, the appellate court had no choice but to affirm the judgment. Because this court has neither a transcript of the proceedings nor a statement of the evidence before it showing the errors which defendant now alleges, this court has no choice but to presume the validity of the trial court's proceedings and affirm its decision. Accordingly, defendant's second through eighth assignments of error are not well taken.

For the foregoing reasons, defendant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

REILLY and CLOSE, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.