JOURNAL ENTRY AND OPINION
Defendants-appellants/cross-appellees Dr. Haradhan Banarjee, M.D., and his wife, Anjali Banarjee ("Banarjees"), appeal from the jury-trial judgment in the amount of $34,000 in this eminent domain action. See appellate case number 76112. Plaintiff-appellee/cross-appellant Board of Cuyahoga County Commissioners ("County") cross-appeal on the failure of the trial court to grant an award of costs. See appellate case number 76153. For the reasons adduced below, we affirm the judgment in appellate case number 76112, and reverse and remand for further proceedings the judgment in appellate case number 76153.
A review of the record on appeal indicates that a complaint for appropriation of a parcel of land, owned by the Banarjees and initially valued at $37,000 by the county's appraiser (Ostendorf-Morris), was filed on January 22, 1998. The parcel of land in question, recorded as permanent parcel number 008-20-001, is located at 2423 Marvin Avenue, Cleveland, Ohio. On this 0.08 acre of land was a two-story residential home, containing approximately 2,600 square feet, which had been converted to a medical office use. The parcel was being sought for the construction of facilities at Metropolitan General Hospital.
The Banarjees entered an appearance in the action on March 30, 1998.
On May 12, 1998, following a pretrial conference before Magistrate Koenig, the trial court scheduled the matter for trial on July 16, 1998. Thereafter, the parties engaged in pretrial negotiation, discovery, and exchanged experts' reports and witness lists.
On July 6, 1998, the County filed a motion in limine seeking to (1) strike the Banarjees' expert report prepared on June 26, 1998, by Mr. Thomas Smith and (2) preclude Mr. Smith from testifying at trial.[1] The County's trial brief filed that date (July 6, 1998) contained a reappraisal of the parcel which valued the parcel at $30,500 after an inspection of the property was performed. Finally, on July 6, 1998, the trial court modified the trial date to August 24, 1998.
On July 7, 1998, nine days prior to the originally scheduled trial date and approximately six weeks prior to the modified trial date, the Banarjees filed a motion for continuance of the trial date citing a planned surgery for Banarjees' legal counsel. This motion was granted on July 7, 1998.
On August 19, 1998, the Banarjees filed a second motion to continue the trial date, claiming that their legal counsel's recovery from surgery was taking longer than had been expected and that counsel would not be back to the office until September 8, 1998. On August 19, 1998, the trial court granted the Banarjees' second motion to continue the trial date. A new trial date was scheduled for September 28, 1998.
On September 17, 1998, the County filed a motion to continue the trial date, claiming its expert witness would be out-of-town on the scheduled trial date (September 28, 1998). On September 23, 1998, the trial court granted the County's motion to continue the trial and scheduled a new trial date for November 17, 1998.
On October 27, 1998, the trial court rescheduled the trial to December 16, 1998, and then to December 17, 1998.
On November 25, 1998, the County withdrew its July 6, 1998, motion in limine relative to expert witness, Mr. Thomas Smith.
On December 14, 1998, three days prior to the scheduled trial date (December 17, 1998), the Banarjees filed their third motion to continue the trial date, claiming that their expert witness (Mr. Smith) had recently had back surgery and would not return to the office until January 4, 1999. On December 15, 1998, the trial court granted this third continuance request by the Banarjees, rescheduling the trial date to January 28, 1999, and noting on the order that "[n]o further continuances will be granted."
On January 25, 1999, three days prior to the scheduled trial date, the Banarjees filed a bare-bones, one page, fourth motion to continue the trial date, claiming that their expert witness (Mr. Smith) would be out-of-state on the scheduled trial date (January 28, 1999) and that it "appeared" that Mr. Smith's "back surgery was more serious than first discovered." The Banarjees also requested thirty days in which to retain a new expert witness-appraiser. No affidavits averring the basis for the motion, by counsel or Mr. Smith, were attached to this motion. On January 28, 1999, the trial court denied this fourth continuance by the Banarjees.
The trial was conducted commencing on January 28, 1999. On January 29, 1999, the County filed a motion to charge costs pursuant to R.C. 163.16, and the jury returned a verdict valuing the parcel at $34,000. The trial court denied the motion to charge costs, without opinion, on January 29, 1999.
On February 2, 1999, the County filed a motion to amend the pleadings ($37,000) to conform the jury's determination ($34,000) to the evidence pursuant to Civ.R. 15(B). Also on February 2, 1999, the County filed a supplement to its motion to charge costs to the Banarjees.
On February 8, 1999, the trial court (1) denied the motion to amend the pleadings and (2) issued its journal entry approving and confirming the jury verdict, and ordering that $34,000 on deposit with the court be distributed (less taxes) to the Banarjees.
The Banarjees filed their notice of appeal on March 8, 1999, from the order of February 8, 1999. Two assignments of error are presented for review by the Banarjees.
Banarjees' first assignment of error states: I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY DENYING MOTION FOR CONTINUANCE OF TRIAL TO PERMIT APPELLANTS' APPRAISER WHO WAS CONVALESCING FROM SURGERY TO TESTIFY.
This assignment attacks the trial court's denial of Banarjees' January 25, 1999, motion to continue the trial date of January 28, 1999.
The standard of review for the denial of a motion for continuance is whether the trial court abused its discretion.State v. Unger (1981), 67 Ohio St.2d 65, syllabus. An abuse of discretion is more than an error of law; it implies an attitude by the trial court that is arbitrary, capricious, or unconscionable. Blakemore V. Blakemore (1983), 5 Ohio St.3d 217,219. The appellate court must weigh the potential prejudice to a defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Unger, supra, at 67. The Unger
court further explained:
 In evaluating a motion for a continuance a court should note inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which give rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Id. at 67-68.
In the case sub judice, we note that the motion at issue was the fourth such request by the Banarjees alone, three of which were previously granted by the trial court. The Banarjees were advised by the court after the last continuance of the trial date that no further continuances would be permitted. The motion at issue was not supported by any affidavits. Counsel for the landowners told the trial court at a sidebar motion conference during the trial that, as the court was aware, he (counsel) could not find Mr. Smith, that he was somewhere with a bad back. See Tr. 4. This admission, that he could not find the witness, when viewed against the basis for the motion and the wording used therein, infers that the motion was contrived, made for dilatory reasons, or to mislead the court. Also, as pointed out by the County in its brief, counsel for the Banarjees could have preserved Mr. Smith's testimony via videotaped deposition for later use at trial, but did not do so despite knowing that Mr. Smith was the subject of medical surgery sometime in mid-December of 1998. In that sense, the problem (lack of an expert at the trial) was one of counsel's own making. Finally, as the transcript of the majority of the trial is not in the record on appeal[2], it is not demonstrated by the Banarjees that they did not have the opportunity to cross-examine the County's witness(es) regarding the valuation of the property.[3] We cannot conclude that the trial court abused its discretion in denying the motion for continuance of trial.
Assignment overruled.
The Banarjees' second assignment of error states: I THE PROBATE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ALLOWING A SECOND APPRAISAL REPORT OF THE PROPERTY TO BE INTRODUCED AT TRIAL WITHOUT THE OPPORTUNITY OF APPELLANTS TO REVIEW.
In addressing this assignment, we note that a complete trial transcript demonstrating the claimed error is not in the record on appeal. The following was stated in Columbus v. Link (1998),127 Ohio App.3d 122, 126:
 Upon appeal of an adverse judgment, it is incumbent upon the party appealing the judgment to ensure that the record or whatever portions of the record are necessary for determination of the appeal are filed with the court in which review is sought. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564; App.R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. Knapp, supra, 61 Ohio St. 2d at 199, 15 O.O.3d at 219-220, 400 N.E.2d at 385-386. Accordingly, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. This principle is premised on the idea that an appellant's lack of diligence in securing the record should inure to an appellant's, rather than an appellee's, disadvantage. Rose Chevrolet, supra, 36 Ohio St.3d at 19, 520 N.E.2d at 565-566.
See, also, Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
In the case sub judice, resolution of the claimed error requires that portion of the trial transcript which demonstrates the error. Since that portion of the transcript is not in the record, we are obliged to presume regularity and affirm the trial court's action with regard to the claimed error.
Assignment overruled.
We now turn to the cross-appeal by the County in appellate case number 76153. The lone cross-assignment of error provides:
 THE PROBATE COURT ERRED BY DENYING THE CUYAHOGA COUNTY COMMISSIONERS' MOTION FOR COSTS [AND OTHER ASSESSMENTS] UNDER R.C. 163.16 WHEN, IN AN EMINENT DOMAIN TRIAL, THE JURY RETURNS A VERDICT FOR LESS THAN THE COUNTY'S CONFESSION OF JUDGMENT.
R.C. 163.16 provides:
163.16 COURT COSTS; CONFESSION OF JUDGMENT
 The court costs, including jury fees, of any proceeding shall be paid as the court directs, except as may be provided for in cases subject to division (A)(2) or (B)(1) of section 163.21
of the Revised Code. The agency may offer to confess judgment for the amount to be stated and the court costs then made in favor of any owner who in any manner enters an appearance or upon whom service has been made. If such owner refuses to accept such offer and as a result of the trial does not receive more, he shall pay all court costs accruing after the offer.
(Italicization added.)
The scant record provided indicates that the County made an offer to confess judgment in the amount of $37,000 prior to the commencement of the trial. This offer was not accepted by the Banarjees. The jury returned a valuation for the property of $34,000. Pursuant to the last sentence of R.C. 163.16, where a landowner refuses to accept such an offer from the government and the jury returns an amount less than the offer, the landowner "shall pay all costs accruing after such offer." Thus, the costs associated with the trial, which accrued after the offer was made, are to be paid by the landowners. These costs, as stated by the County in its appellate brief but which are not reflected accurately in the record, include only juror fees and a court reporter's charge. The trial court erred in not assessing the Banarjees, pursuant to statutory mandate, those costs which accrued after the making of the offer. Accordingly, this cross-assignment of error is found to have merit and the matter reversed and remanded for the assessment of costs (juror fees and court reporter charges) which accrued after the County offer was made.
Cross-assignment affirmed.
Judgment in appellate case number 76112 is affirmed; judgment in appellate case number 76153 is reversed and remanded for further proceedings.
This cause is affirmed in part, and reversed and remanded in part for further proceedings consistent with the opinion herein.
It is, therefore, ordered that the Banarjees are to bear the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ JAMES D. SWEENEY JUDGE
DYKE, A.J., CONCURS; KARPINSKI, J., CONCURS IN PART AND DISSENTS IN PART, WITH CONCURRING AND DISSENTING OPINION ATTACHED.
[1] Mr. Smith appraised the parcel at $50,000.
[2] Only a motion conference, conducted on the afternoon of the first day of trial and consisting of seven pages, is included in the record on appeal.
[3] The burden of proof to prove valuation in an eminent domain proceeding is with the government. See Tennessee Gas TransmissionCo. v. Wolfe (1953), 159 Ohio St. 391. Therefore, the property owner is not required to present an expert witness report regarding valuation.