DECISION
Virgil Macklin and M. Daniel Metcalf, plaintiffs-appellants, appeal the April 16, 2001 judgments of the Ohio Court of Claims, which disallowed their respective requests for statements of proceedings pursuant to App.R. 9(C). We consolidated their appellate cases for purposes of oral argument.
Macklin is incarcerated at the Marion Correctional Institution ("MCI") and alleges on October 10, 1997, he slipped and fell while working in the kitchen at MCI, and that on September 27, 1999, he also slipped and fell in a shower at the Ohio State Penitentiary. Metcalf is incarcerated at the Southern Ohio Correctional Facility and alleges on February 28, 1998, he was assaulted by another prisoner while in his jail cell. Macklin and Metcalf filed separate complaints against the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee, in the court of claims, both alleging negligence against ODRC. Liability only trials were held on June 19, 2000 and July 31, 2000, in both cases, respectively. On February 9, 2001, the court rendered judgments in favor of ODRC in both actions. Macklin and Metcalf appealed.
Metcalf and Macklin then sought to have the trial court settle App.R. 9(C) statements, claiming that because they were prisoners, they were without funds to pay for trial transcripts on appeal. We granted both an extension of time to file App.R. 9(C) statements, and ordered the trial court to transmit the statements when they were settled. In their respective cases, Metcalf and Macklin, as well as ODRC, submitted proposed statements to the trial court. On April 16, 2001, the trial court denied a statement of proceedings in both cases because verbatim records were available and there was no allegation that they could not be provided. This court subsequently granted Macklin's and Metcalf's motions to supplement their appellate records with the April 16, 2001 entries and for extensions of time to file their briefs. On August 21, 2001, we granted Macklin's and Metcalf's joint motion to consolidate their appeals for the purposes of oral argument because they both presented the same issue on appeal. Macklin and Metcalf (hereinafter collectively referred to as "appellants") assert the following assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO SETTLE A 9(C) STATEMENT FOR AN INDIGENT PRISONER WHEN BOTH SIDES HAVE FILED THEIR PROPOSED 9(C) STATEMENTS.
Appellants argue that the trial court erred by failing to settle App.R. 9(C) statements. App.R. 9(C) provides that if no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. App.R. 9(C) also requires the statement to be served on the appellee, who may serve objections or propose amendments to the statement, and thereafter, the statement and any objections or proposed amendments must be submitted to the trial court for settlement and approval. We review the trial court's granting or denying of a request to settle an App.R. 9(C) statement under an abuse of discretion standard. McGuire v. Ohio Dept. of Rehab. and Corr. (Sept. 30, 1996), Franklin App. No. 96API04-444, unreported.
In the present case, appellants presented proposed statements to the trial court claiming they were indigent and could not afford transcripts. It is well-established that a transcript is unavailable for the purposes of App.R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript. State ex rel. Motley v. Capers (1986),23 Ohio St.3d 56; see, also, Columbus v. Link (1998), 127 Ohio App.3d 122,125-126. However, the trial court declined to settle statements in the cases, finding in each case that "a verbatim transcript of the record is available and there is no allegation that one cannot be provided. Accordingly, plaintiff has not met the requirements of App.R. 9(C) and his statement is hereby disallowed." On appeal, ODRC dedicated its appellate brief to arguing that the trial court did not err in denying the App.R. 9(C) statements because appellants did not file sworn affidavits detailing their indigency or present any other evidence regarding their financial condition. However, the trial court did not give any indication it had denied the requests for this reason, ODRC did not raise it in the trial court, and appellants did not even address this specific issue in their appellate briefs.
We are left to guess why the trial court declined to settle App.R. 9(C) statements. As stated above, the Ohio Supreme Court has found that an App.R. 9(C) statement is an available alternative to an appellant unable to bear the cost of a transcript. Thus, it would have been improper for the court of claims to have denied the request on the ground that indigency does not constitute unavailability pursuant to App.R. 9(C). If the court of claims declined to settle a statement of the proceedings because appellants failed to file an affidavit of indigency or other evidence of their inability to pay, as ODRC claims, it did not indicate such in its judgment. Therefore, we must reverse and remand for the court of claims to explain why it declined to settle statements of the proceedings.
However, upon remand, the court of claims will again be faced with the issue raised by ODRC: whether an appellant in a civil case must prove by way of affidavit that he is truly indigent when he requests the trial court settle a narrative statement pursuant to App.R. 9(C). We answer such in the affirmative. In McGuire, supra, the court of claims settled an App.R. 9(C) statement of proceedings pursuant to a request by the indigent appellant. On appeal to this court, ODRC contended the appellant had failed to sufficiently prove his indigency to the trial court. However, we found that an appellant provides sufficient evidence of indigency for purposes of App.R. 9(C) by filing an affidavit detailing his financial condition. In McGuire, the appellant's affidavit averred that he had been incarcerated for several years; had been released on parole with little or no funds; had been employed, but his money went to support himself and his education; had tried to get assistance from family members or through loans, but to no avail; and was truly indigent and could not pay for a transcript. Thus, we find that an appellant in a civil case must prove by way of at the very least an affidavit that he or she is indigent when such appellant requests the trial court settle a narrative statement pursuant to App.R. 9(C). For the foregoing reasons, appellants' assignment of error is sustained.
Accordingly, appellants' assignment of error is sustained, and the judgment of the Ohio Court of Claims is reversed. Appellants shall have fifteen days from the filing of this court's judgment to file with the Ohio Court of Claims affidavits and any other evidence demonstrating their indigency and financial condition. After fifteen days, the court of claims shall determine whether appellants have sufficiently demonstrated their indigency as to be entitled to statements of proceedings pursuant to App.R. 9(C), and, if so, the court shall settle such narrative statements.
DESHLER, J., and BRYANT, P.J., concur.