OPINION
On November 5, 1999, Selina R. Miller filed a complaint in the Franklin County Court of Common Pleas against seventeen defendants, including "New Salem Security Team c/o Keith A. Troy," setting forth claims of defamation and invasion of privacy. On December 20, 1999, Ms. Miller filed a motion for default judgment against New Salem Security Team c/o Keith A. Troy (hereinafter collectively referred to as "New Salem") for failure to answer. Ms. Miller's motion was granted on April 24, 2000.
On April 27, 2000, Ms. Miller filed an amended complaint against New Salem, alleging essentially the same claims. Ms. Miller was subsequently denied leave to file an amended complaint.
On June 6, 2000, New Salem filed a motion for relief from judgment. The trial court granted this motion on June 9, 2000.
On June 22, 2000, New Salem filed a motion to dismiss. Ms. Miller filed a memorandum contra. On August 7, 2000, the trial court granted New Salem's motion to dismiss. Ms. Miller appealed from this judgment and from certain judgments granted in favor of other defendants. On appeal, this court affirmed the dismissal(s) of the invasion of privacy claim but reversed the dismissal(s) on the defamation/slander claim.
A bench trial on the defamation/slander claim was held on September 24, 2001. On September 28, 2001, the trial court journalized an entry stating that it was granting New Salem's motion for a directed verdict.[1]
Ms. Miller (hereinafter "appellant") has appealed to this court, assigning the following error for our consideration:
 THE COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS IN LIGHT OF PLAINTIFF-APPELLANT SELINA MILLER POINTING OUT THAT GENUINE ISSUES AS TO MATERIAL FACT DOES [sic] EXIST WHENEVER PLEADINGS, AFFIDAVITS, DEPOSITIONS AND INTERROGATORIES ARE IN CONFLICT.
Although appellant uses the word "dismiss" in her assignment of error, it is clear that appellant appeals from the trial court's granting of a directed verdict in favor of New Salem (hereinafter "appellee"). Civ.R. 50(A) addresses motions for directed verdicts and states, in pertinent part:
 (4) * * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for a directed verdict is a question of law going to the sufficiency of the evidence. Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 119, quoting Strother v. Hutchinson (1981),67 Ohio St.2d 282. This court reviews the motion for a directed verdict de novo. McConnell v. Hunt Sports Ent. (1999), 132 Ohio App.3d 657,686-687.
This court is unable to review the merits of appellee's motion for a directed verdict because appellant has failed to provide a transcript of the trial proceedings. The duty to provide a transcript for appellate review is with the appellant as the appellant has the burden of showing error by reference to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See, also, App.R. 9(B). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, the court has no choice but to presume the validity of the trial court's proceedings and affirm. Knapp at 199.
Further, no statement of the evidence, proceedings or case, as authorized in App.R. 9(C) and (D), was submitted. See Columbus v. Link (1998), 127 Ohio App.3d 122, 125-126, discretionary appeal not allowed in (1998), 82 Ohio St.3d 1451. Because appellant has not provided this court with the transcript from the bench trial nor has a statement authorized under App.R. 9 been submitted, we have no choice but to presume the validity of the trial court's proceedings.
We note that appellant has also asserted the trial court erred in not stating its reasons or the bases for its granting of appellee's motion for a directed verdict. Civ.R. 50(E) states:
 When in a jury trial a court directs a verdict * * *, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment. [Emphasis added.]
Civ.R. 50(E)'s requirement applies only in jury trials. The claim here was tried before the court only. Thus, the trial court did not err in making merely a conclusory statement in its September 28, 2001 entry.
In addition, the fact that appellee did not file an answer upon remand from this court's earlier decision is not reversible error. Upon remand from this court, the matter proceeded to trial. Appellant never raised the issue of appellee's failure to file an answer upon remand. Thus, any error has been waived. See Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43.
For the reasons set forth above, the trial court did not err in granting appellee's motion for a directed verdict. Accordingly, appellant's assignment of error is overruled.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McCORMAC and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The claims against the remaining defendants were also disposed of or otherwise dismissed.