OPINION
{¶ 1} Plaintiff-appellant, Rayshan Watley ("appellant" or "Watley"), was the plaintiff in a civil action against the Ohio Department of Rehabilitation and Correction ("ODRC"), seeking damages for, inter alia, negligence. Watley appeals from the judgment of the court of claims, which rendered judgment for ODRC, following a bench trial in 2004. *Page 2 
 {¶ 2} Watley is an inmate at the Southern Ohio Correctional Facility ("SOCF"). On the evening of April 20, 2003, Watley got into an argument with another prisoner who was delivering meals in Watley's cell block. Several corrections officers ("COs" or "officers") responded to the altercation, and the parties' stories differ as to the events that followed.
 {¶ 3} It is believed that Watley possessed some type of weapon fashioned out of a rolled newspaper and a piece of broken glass, and that he had intended to use it against the inmate with whom he had gotten into the argument. Watley denies having a weapon. Five officers, plus one operating a video camera, approached Watley's cell armed with shields and nightsticks, to perform an "extraction." Watley testified that the first officer approached his cell and sprayed him with mace. Next, the five COs entered the cell, forcefully held him down using a shield, and placed him in handcuffs and leg irons. The officers claim that Watley had disobeyed a direct order to come to the front of his cell and "cuff up," and for that reason, they were authorized to use mace. Watley contends that the extent of force used during the extraction was not accurately portrayed on the videotape because some segments were apparently recorded with the camera aimed at the floor. After putting Watley into handcuffs and leg irons, the five COs dragged him to another cell where he was placed in "five-point restraints." One of the five officers assisting in Watley's extraction was the prison nurse, who subsequently injected him with the sedative Ativan.
 {¶ 4} Watley filed suit against ODRC claiming that the officers were negligent in performing the extraction, that one of the officers fabricated the allegation that he *Page 3 
possessed a weapon, and that the whole incident was essentially a conspiracy to assault him.
 {¶ 5} The court of claim's magistrate disagreed. Both sides presented witnesses, including inmates, COs, and other prison officials, including officers and officials who had reviewed the videotape of the extraction and had determined that the officers exerted no unnecessary force against Watley, and that the extraction was performed in accordance with standard operating procedure. The videotape, itself, was not offered as evidence, nor did the magistrate review the tape in camera as part of his determination.
 {¶ 6} Approximately two and one-half years after the conclusion of the trial, the magistrate issued a recommendation of judgment for ODRC, and also that the two named COs be granted civil immunity. (See Magistrate's Decision, Sept. 18, 2006, at 7.) Watley did not object to the magistrate's decision.
 {¶ 7} The trial court found no error of law or other facial defect in the magistrate's decision, and adopted the recommendation on October 26, 2006, noting that neither party to the action had filed objections to the magistrate's decision. (See Judgment Entry Adopting Magistrate's Decision, at 2.) Watley filed a timely notice of appeal, and now presents six assignments of error for our consideration:
 [I.] The court errored [sic] in forcing Watley to be handcuffed behind his back during trial.
 [II.] The court erroed [sic] in denying plaintiff's motion to compel and only granting it in part to review the videotape and not allowing the tape to be made part of the record for appellate review.
 [III.] The court errod [sic] in not send[ing] Watley a copy of the magistrate's decision. *Page 4 
 [IV.] The court should not have granted immunity to Powell and Fout.
 [V.] The court errored [sic] in alleging that the use of involuntary injection of Ativan was not warreted [sic]. [VI.] The court errored [sic] in not allowing [the] affidavits of Gary Beven and David Cox [to be admitted] as evidence.
 {¶ 8} We will address Watley's third assignment of error first, because, as a preliminary matter, Civ.R. 53(E)(3)(b)(iv) provides that a party's failure to object to the magistrate's decision constitutes a waiver of all appellate review except for plain error. See, e.g.,Group One Realty, Inc. v. Dixie Internatl. Co. (1998),125 Ohio App.3d 767, 768; see, also, State ex rel. Wilson v. Indus. Comm.,100 Ohio St.3d 23, 2003-Ohio-4832, at ¶ 4.
 {¶ 9} Both the magistrate's decision and the subsequent judgment entry indicate that Watley was served with carbon copies thereof at his SOCF address of record. (See Magistrate's Decision, at 7; see, also, Judgment Entry, at 2.) The magistrate's decision stated, in conclusion:
 A party may file written objections to the magistrate's decision within 14 days of the filing of the decision. A party shall not assign as error on appeal the court's adoption of any finding or conclusion of law contained in the magistrate's decision unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53(E)(3).
Id. at 7. (Emphasis sic.) The judgment entry also referenced Civ.R. 53:
 Civ.R. 53(E)(3)(a) states: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ.R. 53(E)(4(c). * * *" No objection has been filed. *Page 5 
Id. at 1. (Emphasis added.) In addition to the clerk's instructions to carbon copy Watley with both documents, the court of claims docket also lists entries that service was made. Notwithstanding, Watley now impliedly argues that he did not receive the magistrate's decision. (Appellant's brief, at 3.) Although Watley did not swear in an affidavit that he did not receive the magistrate's decision, nor has he presented any evidence to controvert what is in the record, assuming arguendo that he did not have an opportunity to object to the decision because of failure of service, we are now faced with a difficult dilemma. Fortunately, the legislature has foreseen the predicament we now face.
 {¶ 10} In the unusual circumstance that service of a magistrate's decision is not made, or is served in an untimely manner, Civ.R. 53(D)(5) provides that either party may, "for good cause shown," move the trial court to set aside the magistrate's decision or to extend the time for filing objections to the report. See Staff Notes to Civ.R. 53(D)(5) (" `Good cause' would include the failure of a party to receive timely service of the magistrate's order or decision").
 {¶ 11} Although the extension of time provision in Civ.R. 53(D)(5) is new, it was no doubt in effect prior to the trial court's ruling in this case. Perhaps Watley, who has proceeded pro se at all times pertinent to this matter, was not aware of the July 1, 2006 amendment to Civ.R. 53, however, the law does not permit us to ignore fundamental issues pertaining to jurisdiction or statutory time limits simply because a party chooses to represent himself. See, e.g., Snow v. Brown (Sept. 4, 2001), Franklin App. No. 01AP-243. *Page 6 
 {¶ 12} Again, Watley impliedly argues vis-à-vis his brief, that he did not receive the magistrate's decision, but he does not dispute receiving the court's judgment entry. And we take judicial notice that Watley received the judgment entry because he filed his notice of appeal a mere seven days later. See Evid.R. 201. Because the trial court gave Watley adequate notice of the requirements in Civ.R. 53 in its judgment entry, he is not relieved from compliance therewith by now claiming that he did not receive the magistrate's decision. If Watley disagreed with the court's judgment after receiving the entry, subsequent to October 26, 2006, he should have noted and filed his objections with the trial court at that time, or requested an extension of time for filing, under Civ.R. 53(D)(5).
 {¶ 13} Instead of filing objections or moving the trial court for an extension of time, Watley chose to file a notice of appeal. It is axiomatic, therefore, that he cannot assign as error specific objections to the magistrate's decision before this court. See Civ.R. 53(E)(3)(b)(iv); see, also, Group One Realty, at 768; and State ex rel.Wilson v. Indus. Comm., 100 Ohio St.3d 23, 2003-Ohio-4832, at ¶ 4 (per curiam).
 {¶ 14} Thus, there are two fundamental flaws in Watley's third assignment of error. Not only did he fail to demonstrate that the clerk did not serve him with a copy of the magistrate's decision, but, also, because Civ.R. 53(D)(5) already provides him with an adequate remedy, this court cannot craft an alternative remedy than the one provided.
 {¶ 15} Accordingly, the third assignment of error is not well-taken.
 {¶ 16} We now address appellant's remaining assignments of error, first noting that Watley failed to file a record of the proceedings below, under App.R. 9(B) and 10(A). The record comprises "[t]he original papers and exhibits thereto filed in the trial court, the *Page 7 
transcript of proceedings * * * and a certified copy of the docket and journal entries." App.R. 9(A). Before appellate review can be effectuated, it is imperative that the party appealing the judgment ensure that the record is filed with the court in which review is sought. See, e.g., Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17; App.R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant because it is he who bears the burden of showing error by references to matters in the record. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. If no transcript is available, appellant must prepare a statement of the evidence and an agreed statement, which shall serve as the record on appeal. See App.R. 9(C), (D); see, also,Columbus v. Link (1998), 127 Ohio App.3d 122, 125-126. In cases where a transcript, or pertinent portions thereof, which is necessary for the resolution of assigned errors is not provided, the reviewing court has nothing to review. See Miller v. Ameritech (Mar. 21, 2002), Franklin App. No. 01AP-1209; see, also, Link, ibid.
 {¶ 17} Watley filed an affidavit of indigency with the trial court, and moved the court to be provided with a transcript at the state's expense. Indeed, Watley impliedly assumes that he is entitled to the trial transcript of this matter. That assumption is misplaced. It is well-settled that due process does not require indigent civil litigants to be provided free trial transcripts for purposes of appeal. See, e.g.,Griffin v. Illinois (1956), 351 U.S. 12, 19-20, 76 S.Ct. 585; State exrel. Partee v. McMahon (1963), 175 Ohio St. 243; Murphy v. Dept. ofRehab. Corr (Nov. 18, 1993), Franklin App. No. 93AP-521. In Ohio, indigent litigants are provided with a cost-effective alternative to purchasing a trial *Page 8 
transcript from the court reporter. See Murphy, ibid. (citing App.R. 9[C], [D]); Link, at 125-126.
 {¶ 18} The trial court denied Watley's motion for a free transcript, citing this court's decision in Link. (Judgment Entry denying Appellant's Motion for Transcript, Nov. 6, 2006.) Following the court's denial of his motion, Watley did not assemble or provide an alternate record, such as the one described in App.R. 9(D). Thus, as to the errors Watley assigns, we are given no choice but to presume the validity of the proceedings below. See, e.g., Murphy; Miller; and Link, supra.
 {¶ 19} In his first assignment of error, Watley argues that the trial court erred in allowing him to be handcuffed behind his back during the trial. Appellant cites to no case law to support his argument, and the only case law that is even remotely on point pertains to criminal trials. The rationale, there, is that criminal defendants are likely to be prejudiced by having the jury see them in shackles, which attacks the criminal defendant's fundamental right to a fair trial. See, e.g.,Deck v. Missouri (2005), 544 U.S. 622, 626-627, 125 S.Ct. 2007;Holbrook v. Flynn (1986), 475 U.S. 560, 568-569, 106 S.Ct. 1340;Illinois v. Allen (1970), 397 U.S. 337, 343-344, 90 S.Ct. 1057. The proscription against shackled defendants, however, is not absolute. For example, it is permissible for a prisoner to be shackled in the courtroom when "justified by an essential state interest" — e.g., courtroom security. See, e.g., Holbrook.; Allen, ibid. The only categorical rule preventing a prisoner from being shackled in court applies after he has been found guilty of a capital crime, and the trial proceeds to the penalty phase (where the death penalty will be contemplated). *Page 9 
 {¶ 20} In this case, Watley was not prejudiced by allegedly being handcuffed during trial. First of all, this was a civil proceeding, tried to a magistrate, not a jury. Secondly, Watley is a prisoner, serving a sentence in a state correctional facility. He is afforded no additional rights or freedoms as a consequence of filing a law suit. Moreover, the record suggests that Watley was an incorrigible inmate, which, if true, would have been a legitimate justification for his being handcuffed during the proceedings. (Magistrate's Decision, at 1, 4.) "Inmate Watley is [a] violent, predatory inmate with a discipline problem[.]" (Beven Affidavit, at ¶ 21.)
 {¶ 21} Because Watley has not filed a transcript for our review, we cannot know why the magistrate ordered that he be handcuffed. In fact, we cannot even know whether Watley was handcuffed in the first place. If we were to assume the prisoner was handcuffed, based on the evidence in the record, we would also have to assume that handcuffing was necessary or essential to courtroom security, and that the trial court did not abuse its discretion. Additionally, also assuming Watley was handcuffed, without the transcript we cannot know whether he objected to being handcuffed, which would have been necessary to establish a due process violation, or preserve the issue for appellate review. See, e.g.,Estelle v. Williams (1976), 425 U.S. 501, 512, 96 S.Ct. 1691 (holding that although a defendant cannot be compelled to stand trial in prison garb, failure to object negates the presence of any compulsion that would give rise to a due process violation).
 {¶ 22} Accordingly, we overrule appellant's first assignment of error. *Page 10 
 {¶ 23} In his second assignment of error, Watley argues that the trial court abused its discretion by not granting his motion to compel discovery in toto. The decision to grant motions to compel, like the decision to admit evidence, lies squarely within the discretion of the trial court. See, e.g., 513 E. Rich Street Co. v. McGreevy, Franklin App. No. 02AP-1207, 2003-Ohio-2487, at ¶ 10; Stewart v. Seedorff (May 27, 1999), Franklin App. No. 98AP-1049. Again, without the transcript or other statement of proffered evidence, we must presume the trial court acted properly. Ibid.
 {¶ 24} Appellant's second assignment of error is overruled.
 {¶ 25} In his fourth assignment of error, appellant asserts that the trial court erred by granting civil immunity to COs Powell and Fout. The magistrate's recommendation to grant immunity was based on his finding that, at all times relevant to Watley's cause of action, the officers acted within the scope of their employment as state corrections officers. (Magistrate's Decision, at 6.) Assuming this finding was correct, we cannot disagree with the legal conclusion that the officers were entitled to civil immunity under R.C. 9.86 and 2743.02(F).
 {¶ 26} R.C. 2743.02(F) provides:
 A civil action against an officer or employee * * * that alleges that the officer's or employee's conduct was manifestly outside the scope of [the officer's or employee's] employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under [R.C] 9.86 * * * and whether the courts of common pleas have jurisdiction over the civil action. *Page 11 
 {¶ 27} Watley impliedly argues that the video recording of the extraction shows that the officers acted with malicious purpose, which was manifestly outside the scope of their employment. (Appellant's brief, at 3.) That video recording, however, was not made part of the record; thus, it is not subject to appellate review. Furthermore, although Watley made the videotape subject of discovery request(s) and motion to compel, he did not move to have the tape admitted as evidence, nor did he proffer its contents into the record.
 {¶ 28} There is nothing before us that would obviate the trial court's finding that the officers acted appropriately. That said, the trial court, having first found the officers were acting within the scope of their employment as ODRC corrections officers, did not abuse its discretion by granting civil immunity to COs Powell and Fout under R.C.2743.02(F).
 {¶ 29} Appellant's fourth assignment of error is overruled.
 {¶ 30} We are unsure of what error appellant assigns as his fifth. The trial court, or any other court for that matter, can not and would not "allege" anything relating to a finding of fact or conclusion of law. Litigants allege. Attorneys allege. Witnesses, even, allege. Courts find facts and make rulings of law. We review the trial court's findings of fact and determine whether they applied the law properly to the facts found. See, generally, C. E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 280. Thus, we construe appellant's fifth assignment of error to mean — The trial court erred by finding that the use of force and involuntary administration of the sedative Ativan was warranted. Having construed Watley's fifth assignment of error as such, we are still unable to sustain, *Page 12 
because without the transcript, we are unable to review the testimony. See, e.g., Murphy; Miller; Link, supra.
 {¶ 31} It is the trial court who is in the best position to weigh the credibility of the witnesses' testimony. See, generally, SecurityPacific Nat'l. Bank v. Roulette (1986), 24 Ohio St.3d 17, 19-20 (per curiam); Foley, at 280. Without evidence that the trial court abused its discretion in so doing, we must assume that the court acted properly.Miller, supra.
 {¶ 32} Appellant's fifth assignment of error is overruled.
 {¶ 33} In his sixth assignment of error, appellant alleges that the trial court erred by excluding the affidavits of Gary Beven and David Cox. Again, we are not in a position to know the court's basis for excluding the affidavits. Roulette; Foley, supra. Having reviewed those affidavits, however, we cannot see how or why their exclusion could have had any impact on the outcome of the trial.
 {¶ 34} Dr. David Cox, clinical director of psychology at SOCF, testified generally to prison procedure in the event a sedative is administered to a prisoner. (Appellee's brief, at 6.) Dr. Gary E. Beven, board certified in psychiatry and chief psychiatrist at SOCF, testified that Ativan, the sedative administered to Watley, would have been an appropriate course of action in dealing with an inmate who posed or potentially posed a threat to himself or others. Id. In their respective affidavits, both doctors provided essentially the same information, except that they also opined that Watley should not have been under psychiatric care. (See Cox Affidavit, at ¶ 7; Beven Affidavit, at ¶ 11.) This additional fact or opinion was not relevant to appellant's cause of action. *Page 13 
 {¶ 35} Generally, the purpose of admitting a witness's affidavit as substantive evidence is when the witness is unavailable at trial. See, generally, Evid.R. 804. Given that both doctors were available and allowed to testify, their affidavits were unnecessary, inadmissible hearsay, and probably not even relevant. Evid.R. 401.
 {¶ 36} We are able to conclude that the trial court properly excluded the affidavits of Drs. Cox and Beven.
 {¶ 37} Appellant's sixth assignment of error is overruled.
 {¶ 38} Having overruled appellant's assignments of error, respectively, the judgment of the Ohio Court of Claims is affirmed.Judgment affirmed.
 BROWN, and MCGRATH, JJ., concur. *Page 1