JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant J.L. Wilson, Co., Inc. ("Wilson") appeals from the decision of the Cuyahoga County Common Pleas Court granting judgment in favor of defendants-appellees Peter C. Miller ("Miller"), Rick Packer ("Packer"), and CA-Mill Holdings, Ltd., in the amount of $16,988.82. Wilson raises three assignments of error on appeal. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS *Page 3 {¶ 2} Wilson held itself out via William Gallagher, company representative, as an expert general contractor specializing in construction of tanning salons. Specifically, Wilson constructed over twenty such salons.
 {¶ 3} Appellees sought to construct a twenty-three bed tanning salon. To that end, appellees leased real property in Middleburg Heights from CA-Mill Holdings, Ltd. and contacted Wilson to act as general contractor.
 {¶ 4} Wilson drafted the contract after downloading a skeleton version of the contract from the internet. The parties entered into the contract on July 5, 2003. Wilson agreed to construct the salon for $85,000. The parties agreed that the completion date would be September 24, 2003. All parties agreed to submit written change orders for any changes. Wilson agreed to provide and pay for all materials, tools and equipment required for timely completion of the project. Wilson also agreed to employ a sufficient number of workers skilled in their trades to suitably perform the work.
 {¶ 5} Actual construction was not completed until late December 2003. The delay in construction began when Middleburg Heights did not issue requisite construction permits until September 18, 2003, a mere eleven days prior to the agreed completion date. The following delays ensued: a delay in electrical work because of negotiations with CEI; a delay in painting because of a lack of electricity; a delay in painting because the painter took an extended hunting vacation; delay in installation of HVAC units because the initial units were defective and required *Page 4 
replacement; appellees changed the carpet specification to tile; appellees changed the lighting fixtures; the roof required repair; and appellees requested that the brick facade and the parking lot be power washed. The parties never used change orders pursuant to contract.
 {¶ 6} Wilson did not hire the subcontractor to install the HVAC units for the building; instead, Miller and Packer hired Brian Mikolak ("Mikolak"), a contractor specializing in HVAC units. Mr. Mikolak expressed concern that Wilson would not pay him for his services. Thus, Miller and Packer decided to pay him directly in the amount of $12,560.
 {¶ 7} Miller and Packer paid Wilson $73,500. In addition, Miller and Packer paid various expenses, including rent and advertising costs, during the pendency of the delayed construction, from September through December 2003.
 {¶ 8} On February 12, 2004, Wilson filed a complaint for foreclosure pursuant to a mechanic's lien it recorded against defendants-appellees Peter C. Miller ("Miller"), Rick Packer ("Packer"), and CA-Mill Holdings, Ltd. Wilson's complaint alleged breach of contract and unjust enrichment; the complaint also asked for a determination as to the validity of its mechanic's lien. The defendants-appellees filed a counterclaim on March 9, 2004, alleging breach of contract and slander of title.
 {¶ 9} Pursuant to a bench trial held October 26, 2005, the assigned foreclosure magistrate found that Wilson failed to timely complete the contract and *Page 5 
was therefore in breach of contract. The magistrate found in favor of defendants-appellees in the amount of $16,988.82. This amount included rent costs, advertising fees, payroll, and utilities, for examples, that Miller and Packer could not otherwise pay because their tanning salon was not open for business. The magistrate denied defendants-appellees' slander of title claim and invalidated Wilson's mechanic's lien.
 {¶ 10} Wilson subsequently filed objections to the magistrate's decision filed March 6, 2006, which were overruled by the trial court on July 18, 2006. Wilson appealed on August 2, 2006.
ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court committed prejudicial error in failing to make an award of damages in favor of J.L. Wilson Co., Inc., based upon stipulation of fact 13 that defendants Peter C. Miller and Rick Packer have agreed to pay J.L. Wilson Co., Inc. the sum of $11,193.00 for chairs/glassblock/countertop ($4,300.00), CEI for additional electric requirements ($6,193.00) and speaker wire ($700.00)."
 {¶ 11} A thorough review of all documents submitted to this court reveals that Wilson failed to submit any stipulations of fact for our review.
 "On appeal, an appellant has the duty to supply a transcript or other acceptable statement of the facts, as provided in App.R. 9, since he `bears the burden of showing error by reference to matters in the record.'" Hensel v. Kohl, Tuscarawas County App. No. 2002 AP 10 0079, 2003-Ohio-2937; citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
 {¶ 12} Here, the parties failed to file stipulations of fact with this court for our *Page 6 
review. Without the parties' joint stipulations of fact on appeal, an appeals court must presume correct application of the law to the facts presented at the trial court and affirm. Hensel, supra. Therefore, Wilson's first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court committed prejudicial error by awarding damages to defendants Peter C. Miller and Rick Packer personally for costs and expenses alleged to have been paid by Millennium Tanning, LLC, a non-party to the lawsuit."
 {¶ 13} Wilson contends that there is no authority in law to award individual members of a limited liability company a personal award of damages for harm suffered by a limited liability company. Since Miller and Packer are partners in the limited liability company, Millenium Tanning, LLC ("Millenium"), Wilson argues that there should be no award of damages to Miller and Packer personally in the instant case. Wilson argues that there is no evidence that Miller or Packer suffered any personal losses from the alleged breach of contract and therefore, any damages awarded should be to the limited liability company, Millenium, which Wilson contends is not and never has been a party to this action. We disagree.
 {¶ 14} It appears evident to this court that Wilson is arguing that the trial court erred in failing to require joinder of a necessary and indispensable party pursuant to Civ.R. 19, namely Millenium. However the Eighth District Court of Appeals has previously held:
 "A party must not only initially raise the defense but must demonstrate or prosecute the defense through either a motion or presentation of *Page 7 
said defense at trial. Defendant-appellant's mere statement of the plaintiff-appellees' complaint `* * * fails to join all proper and necessary parties * * *' does not provide the trial court with information necessary to adjudicate the claimed defense. The defense as stated by the appellant was but `notice' pleading which required that the appellant affirmatively demonstrate the failure to join an indispensable party. Thus, this court finds that the appellant in fact waived his defense of failure to join an indispensable party through his failure to affirmatively present said defense to the trial court." Mihalic v. Figuero, Cuyahoga County App. No. 53921, 1988 Ohio App. LEXIS 2026. (Internal citations omitted.)
 {¶ 15} Here, Wilson did not raise this defense in its reply to appellees' counterclaims pursuant to Civ.R. 8; nor did he make any Civ.R. 12(H) motion to dismiss for failure to join an indispensable party, file any motion for leave to join an indispensable party, or make any similar oral motion at trial. In short, Wilson waived its defense of failure to join an indispensable party.
 {¶ 16} Further, a review of the contract at issue in the case sub judice is signed by Gallagher on behalf of Wilson and by Miller and Packer personally. Notably, the signature lines for Miller and Packer indicate "personally" in typed font. Thus, the contract is clear on its face, and any damages sustained by Miller and Packer properly belong to Miller and Packer, not Millennium Tanning, LLC. Thus, Wilson's second assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court committed prejudicial error in finding defendants Peter C. Miller and Rick Packer have paid J.L. Wilson Co., Inc. the agreed contract price of $85,500.00 when the manifest weight of the evidence is that J.L. Wilson Co., Inc. was only paid the sum of $73,500.00." *Page 8 
 {¶ 17} Here, Wilson argues that the award of damages issued by the magistrate is against the manifest weight of the evidence. We disagree.
 "[T]his court must, when reviewing the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the verdict must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio 52.
 {¶ 18} The trial court's finding that Wilson breached the contract at issue in the instant case is not against the manifest weight of the evidence. Nor is the trial court's assessment of damages in favor of Packer and Miller in the amount of $16,988.82 against the manifest weight of the evidence.
 {¶ 19} The trial court found a valid and binding contract between Wilson and Packer, effective July 10, 2003. The contract stated that all work was to be complete by September 24, 2003. Wilson did not complete construction until late December 2003, in breach of the contract. Therefore, the verdict is not against the manifest weight of the evidence. Nor is the award of damages in the instant case against the manifest weight of the evidence.
 "The general measure of damages in a contract action is the amount necessary to place the nonbreaching party in the position he or she would have been in had the breaching party fully performed under the contract. Or, in other words, the proper measure of damages is the reasonable cost of placing the structure in the condition contemplated by the parties at the time they entered into the contract. * * * Generally, a party injured by a breach of contract is entitled to his expectation interest, or his interest in having the benefit of the bargain by being put in as good a position as he would have been had the contract been *Page 9 
performed." Hugh v. Wills, Monroe County App. No. 05 MO 8, 2006-Ohio-1282. (Internal citations omitted.)
 {¶ 20} Here, the $12,560 credit awarded to Miller and Packer against the balance owed on the contract is not against the manifest weight of the evidence. Wilson is correct in asserting that it only received $73,500 in payments from Miller and Packer. Wilson is also correct in asserting that it was entitled to $85,500. However, had Miller and Packer not paid Mikolak for his services, Wilson would otherwise be responsible for said payment. Therefore, the trial court properly offset the balance owed to Wilson via a credit to Miller and Packer.
 {¶ 21} Additionally, the trial court's award of $16, 988.82, in favor of Miller and Packer, is not against the manifest weight of the evidence either. In awarding damages for breach of contract, the trial court assessed rent at $3,000 per month for three months ($9,000), advertisement fees, utilities, and payroll for examples. Wilson argues that Miller and Packer did not provide sufficient documentation of their losses to justify said award, save a spreadsheet. We disagree. The sworn testimony of Miller and Packer is sufficient to prove losses sustained from opening their business over three months late, as they are the owners and operators of the tanning salon via Millennium Tanning, LLC. In addition, the trial court is in the best position to determine credibility of witnesses. Watley v. Dept of Rehabilitation andCorrection, Franklin App. No. 06AP-1128, 2007-Ohio-1841. In finding that Miller and Packer were entitled to damages, the trial court clearly found their testimony to be *Page 10 
credible. Further, assessment of $16,988.82 in damages also appears reasonable given the costs of running a smaller business.
 {¶ 22} As such, the trial court's verdict and award of damages is not against the manifest weight of the evidence. This assignment of error lacks merit.
 {¶ 23} For the foregoing reasons, the judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1