[Cite as *Cleveland v. Paramount Land Holdings, L.L.C.*, 2011-Ohio-5382.]

**[Please see vacated opinion at 2011-Ohio-4270.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96180, 96181, 96182, & 96183**

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## PARAMOUNT LAND HOLDINGS, LLC

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
City of Cleveland Municipal Court
Case Nos. 08 CRB 41885, 08 CRB 37072, 09 CRB 04261, & 09 CRB 03590

**BEFORE:** Blackmon, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 20, 2011

**ATTORNEYS FOR APPELLANT**

Richard G. Lillie
Gretchen A. Holderman
Lillie & Holderman
75 Public Square, Suite 1313
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law

Karyn J. Lynn
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


ON RECONSIDERATION[1]

PATRICIA ANN BLACKMON, P.J.:

---

[1] The original announcement of decision, *Cleveland v. Paramount Land Holdings, L.L.C.,* Cuyahoga App. Nos. 96180, 96181, 96182, 96183, 2011-Ohio-4270, released August 25, 2011, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App.R. 22(C); see, also, S.Ct.Prac.R. 2.2(A)(1).

{¶ 1} In this consolidated appeal, appellant Paramount Land Holdings, LLC ("Paramount") appeals the trial court's denial of their motion to vacate and assigns the following errors for our review:

> **"I. The housing court denied appellant its due process rights by denying appellant an opportunity to respond to the housing court's contempt citation in a formal hearing."**

> **"II. The housing court imposed contempt sanctions in excess of the statutorily defined limits."**

> **"III. The total fine constitutes an excessive fine in violation of the defendant's rights as guaranteed by the Eights Amendment to the United States Constitution and Section 9 Article 1 of the Ohio Constitution."**

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 3} Between September 15, 2008 and February 20, 2009, the City of Cleveland's Department of Health ("the City") issued separate minor misdemeanor citations, in Case Numbers 08–CRB–37072, 08–CRB–41885, 09–CRB–03590, and 09–CRB–04261 for health code violations related to four of Paramount's properties. The City served Paramount with the summons and complaints, but Paramount failed to appear at the arraignments.

{¶ 4} The trial court continued the cases to its corporate docket, but Paramount again failed to appear. As a result of Paramount's continued failure to appear, despite being duly served between May 19, 2009 and August 10, 2009, the trial court scheduled

show cause hearings in the respective cases. Because Paramount failed to appear at any of the show cause hearings, the trial court found them in contempt, and issued a per diem fine of $1,000.

{¶ 5} Thereafter, the trial court scheduled several status hearings, which Paramount did not attend. The trial court subsequently converted the daily accumulated fines into a judgment against Paramount of $28,000 per property, for a total of $112,000.

{¶ 6} On November 7, 2009, Paramount, through counsel, appeared in court, and pleaded not guilty in all four cases. On March 18, 2010, after several pretrials had been conducted, Paramount retracted its former not guilty pleas and pleaded "no contest" to the charges. In a June 18, 2010 journal entry, the trial court found Paramount guilty of all charges. In a written sentencing decision that same day, the trial court imposed a $400,000 fine for the charges contained in Case No. 08-CRB-37072, and a $653,000 fine for the charges contained in Case No. 09-CRB-03590.

{¶ 7} On July 16, 2010, Paramount appealed the trial court's decision. In a decision dated July 7, 2011, we reversed the trial court's decision because it failed to comply with Crim.R. 11. *Cleveland v. Paramount Land Holdings, LLC.,* Cuyahoga App. No. 95448, 2011-Ohio-3383. On September 16, 2010, Paramount filed a motion to vacate the $112,000 in fines relating to the trial court's finding of contempt. On November 19, 2010, the trial court denied Paramount's motion to vacate. Paramount now appeals.

## Due Process Denial

{¶ 8}  In the first assigned error, Paramount argues it was denied due process of law when the trial court imposed multiple unconditional fines without affording them a hearing.   We disagree.

{¶ 9}  An appellate court's standard of review of a trial court's contempt finding is abuse of discretion.   *Cattaneo v. Needham*, 5th Dist. No. 2009CA00142, 2010-Ohio-4841, citing *State ex rel., Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62.   An "abuse of discretion" connotes that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140; *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.

{¶ 10} In the instant case, both parties agree that the trial court found Paramount in indirect contempt.   Indirect contempt is "misbehavior that occurs outside the actual or constructive presence of the court." *Pirtle v. Pirtle*, 2d Dist No. 18613, 2001-Ohio-1539. However, they disagree on whether the contempt was civil or criminal.   Paramount argues the contempt was criminal and thus, it was entitled to a hearing.   The City agrees that under the law, criminal contempt would require a hearing, but it maintains that the contempt was civil.

{¶ 11} Courts classify contempt as criminal or civil, depending upon the purpose of the sanction imposed. *Camp-Out, Inc. v. Adkins*, 6th Dist. No. WD-06-057, 2007-Ohio-3946; see, also, R.C. 2705.01(A).   Sanctions for criminal contempt are

punitive, rather than coercive, in nature, and are aimed at vindicating the authority of the court. Id. Criminal contempt sanctions are imposed as "punishment for the completed act of disobedience" and usually consist of fines and/or an unconditional period of incarceration. *McCall v. Cunard*, 6th Dist. No. S-07-013, 2008-Ohio-378, citing *In re Purola* (1991), 73 Ohio App.3d 306, 596 N.E.2d 1140.

{¶ 12} A sanction imposed for civil contempt, on the other hand, is remedial or coercive in nature and is imposed for the benefit of the complainant. Id., citing *Carroll v. Detty* (1996), 113 Ohio App.3d 708, 711, 681 N.E.2d 1383. Any sanction imposed for civil contempt must afford the contemnor the right to purge himself of the contempt. *DeLawder v. Dodson*, 4th Dist. No. 02CA27, 2003-Ohio-2092, ¶10.

{¶ 13} Here, the record establishes that the trial court found Paramount in indirect civil contempt. The contempt was civil because the trial court's sanctions were designed to coerce Paramount to appear. At the outset, Paramount was duly served with the summons and the complaints for all four cases, but Paramount failed to appear for the arraignments. After Paramount failed to appear at the arraignment, the trial court placed the cases on its corporate docket and sent out notices, which Paramount received. Paramount still failed to appear.

{¶ 14} Next, the trial court scheduled a show cause hearing for Paramount to appear and present evidence why they should not be held in contempt for their repeated

failure to appear. However, Paramount failed to appear at the show cause hearing, despite being duly notified.

{¶ 15} It was at this juncture that the trial court found Paramount in contempt and began assessing the daily fine to coerce Paramount's appearance. Paramount finally appeared after the trial court began assessing the daily fines. Once Paramount appeared, the trial court immediately stopped the daily fines.

{¶ 16} On this record, despite Paramount's argument that its constitutional rights were violated, we conclude that they were given notice and an opportunity to be heard. As a result of Paramount's repeated failure to appear, the trial court had no alternative but to find them in civil contempt and begin assessing a daily contempt fine of $1,000 per property in an effort to compel their attendance.

{¶ 17} We also conclude that Paramount was afforded the opportunity to purge their contempt by simply appearing in court. The trial court's journal entry following Paramount's failure to appear at the show cause hearing, stated in pertinent part as follow:

> "* * * **The Court therefore finds that financial sanctions shall be imposed, in the form of $1,000 per diem, beginning on the day following the date ordered to appear, until such time as the defendant makes an appearance and enters a plea."** Journal Entry, June 16, 2009.

{¶ 18} As previously noted, when Paramount appeared in court, the trial court discontinued the daily fine. The immediate abandonment of the daily fines is conclusive evidence that its purpose was to coerce Paramount's attendance and not to punish them

for a completed act. As such, we find no abuse of discretion in the trial court's decision.

Accordingly, we overrule the first assigned error.

## Excessive Fines

{¶ 19} In the second assigned error, Paramount argues $1,000 daily fines per property was excessive.

{¶ 20} R.C. 2705.05 states in pertinent part as follows:

**"(A) In all contempt proceedings, * * *. If the accused is found guilty, the court may impose any of the following penalties:**

**"(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;**

**"(2) For a second offense, a fine of not more than five hundred dollars, a definite term of imprisonment of not more than sixty days in jail, or both;**

**"(3) For a third or subsequent offense, a fine of not more than one thousand dollars, a definite term of imprisonment of not more than ninety days in jail, or both."**

{¶ 21} The Ohio Supreme Court has held that the power to punish for contempt is an inherent power of a court, which is not subject to legislative control. *Cincinnati v. Cincinnati District Council 51* (1973), 35 Ohio St.2d 197, 299 N.E.2d 686 (upholding fines totalling $37,000 imposed upon defendants found to have violated a permanent injunction); *Call v. G.M. Sader Excavating Paving, Inc.* (1980), 68 Ohio App.2d 41, 426 N.E.2d 798 (upholding a fine of $10,000 despite defendants' claims that this fine exceeded R.C. 2705.05); *Olmsted Twp v. Riolo* (June 9, 1988), Cuyahoga App. No.

54004, (upholding fines totalling $26,500 for violating an injunction that prohibited the defendant from maintaining a junk yard on his property). See, generally, *State v. Kilbane* (1980), 61 Ohio St.2d 201, 400 N.E.2d 386 (dicta reaffirming court's holding in *Cincinnati v. Cincinnati Dist. Council 51*, supra); *State v. Local Union 5760* (1961), 172 Ohio St. 75, 173 N.E.2d 331 (holding that the inherent power of a court to punish for contempt generally may not be limited by legislative authority). Consequently, we cannot conclude that the trial court erred in imposing the fine at issue here. Accordingly, we overrule the second assigned error.

## Eighth Amendment Violation

{¶ 22} In the third assigned error, Paramount argues the amount of the per diem sanctions violated the Eighth Amendment to the United States Constitution. We disagree.

{¶ 23} The excessive fines clause of the Eighth Amendment does not apply to civil contempt sanctions. *Ohio Elections Comm. v. Ohio Chamber of Commerce & Citizens for a Strong Ohio*, 158 Ohio App.3d 557, 817 N.E.2d 447, citing *In re Grand Jury Proceedings* (C.A.7, 2002), 280 F.3d 1103, 1110 ("a fine assessed for civil contempt does not implicate the Excessive Fines Clause"). See, also, *United States v. Mongelli* (C.A.2, 1993), 2 F.3d 29, 30; *Spallone v. United States* (1988), 487 U.S. 1251, 1257, 109 S.Ct. 14, 101 L.Ed.2d 964.

**{¶ 24}** Here, given the civil nature of the contempt proceeding, the Excessive Fines Clause of the Eighth Amendment does not apply. Accordingly, we overrule the third assigned error.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR