[Cite as *Columbus v. AMC Vision, V, L.L.C.*, 2021-Ohio-925.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | No. 20AP-79 |
| | | (M.C. No. 2016EVH-60329) |
| v. | : | |
| ACM Vision, V, LLC et al, | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| James H. Hinkle, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 23, 2021

**On brief**: *Zach Klein*, City Attorney, and *Stephen C. Dunbar*, for City of Columbus.

**On brief**: *James H. Hinkle*, pro se. **Argued**: *James H. Hinkle*.

APPEAL from the Franklin County Municipal Court
Environmental Division

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, James H. Hinkle, from a judgment of the Franklin County Municipal Court, Environmental Division, finding him in contempt of a prior entry of the court which ordered him to abate a nuisance maintained at his property.

{¶ 2} On August 11, 2016, plaintiff-appellee, City of Columbus ("the city"), filed a complaint for injunctive relief against ACM Vision V, LLC ("ACM Vision"), OH Seven, LLC ("OH Seven"), Stephanie Marshall (individually "Marshall"), and the real property located

at 101 Meek Avenue, Columbus.  The complaint, which sought enforcement of R.C. Chapter 3767 and Title 47 of the Columbus City Code, alleged violations of the Columbus Housing Code with respect to the real property located at 101 Meek Avenue, Columbus (hereafter "the real property").  The city requested an order permanently enjoining the defendants and any successors in interest from further violations.

{¶ 3}    During the pendency of the case, appellant obtained an ownership interest in the real property.  The city subsequently filed a motion to add appellant as a party defendant.  By entry filed April 25, 2017, the trial court ordered appellant be added as a party defendant and further ordered the clerk to serve a copy of the summons and verified complaint for injunctive relief upon him at the real property address.  Also on that date, the trial court filed an entry of dismissal as to ACM Vision and OH Seven (at the request of the city on the basis that the real property was now under new ownership).

{¶ 4}    On January 22, 2018, the trial court conducted an environmental injunction hearing.  By entry filed on that date, the trial court found the real property to be a public nuisance.  The court ordered the remaining defendants (i.e., appellant and Marshall) to bring the property into compliance and the court authorized the city to enter upon the real property to abate the nuisance.

{¶ 5}    On September 3, 2019, Marshall filed a pro se motion seeking her removal as a party to the case based on her assertion that she did not have any legal or lawful responsibilities with respect to the real property as of March 31, 2017.  On September 10, 2019, appellant filed a pro se motion to "sever/remove 101 Meek Ave[.]" as a party from the case.  On October 8, 2019, appellant filed a pro se motion to "sever/remove James Hinkle as a party from the case."

{¶ 6}    On October 18, 2019, the city filed a motion for contempt against appellant. On October 29, 2019, appellant filed a pro se "[m]otion to dismiss case on grounds that court failed to provide factual evidence of jurisdiction."

{¶ 7}    On January 16, 2020, the trial court conducted a hearing on the city's contempt motion.  By entry filed that date, the trial court issued an order finding appellant in contempt.  The trial court imposed a fine of $50 "for each day that the property remains in noncompliance," and the court also authorized the city to enter the subject property and abate the nuisance.

{¶ 8}   On appeal, appellant, pro se, sets forth the following eight assignments of error for this court's review:

> [I.] I came into this case as a free people of the united states, requested that I be placed under the constitution and that the court judge failed to uphold her oath.
>
> [II.] Plaintiff failed to produce original complainant.
>
> [III.] Plaintiff attempted to add new issues to the case.
>
> [IV.] The trial court erred and abused its impartiality by failing to rule on all the motions before the trial.
>
> [V.] For the motions that were ruled on, the court erred in allowing time to appeal on the rulings made in respect to due process.
>
> [VI.] When the judge continued to move forward in the trial even though there was a lack of evidence in jurisdiction.
>
> [VII.] Government cannot fine anyone into bankruptcy.
>
> [VIII.] Judge denied proper access to the courts regarding the transcripts for the appeal.

{¶ 9}   In his pro se brief, appellant fails to separately argue his assignments of error as required by App.R. 16.  Pursuant to App.R. 12(A)(2) "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 10}  While App.R. 12 permits this court to disregard assignments of error not separately argued, we will, "in the interests of justice," endeavor to address appellant's "legal arguments under the appropriate assignments of error." *Corbin v. Dailey*, 10th Dist. No. 08AP-802, 2009-Ohio-881, ¶ 8.

{¶ 11}  Under his first assignment of error, appellant does not challenge a specific ruling of the trial court; rather, he frames his argument in terms of an "Opening Statement." In that statement, appellant asserts he "came into this case as a free people of the united states, I requested that I be placed under the constitution and that the court judge failed to uphold her oath."  (Appellant's Brief at 5.)

{¶ 12} To the extent appellant makes a conclusory argument that the trial judge "failed to uphold her oath," appellant does not point to a specific part of the record in support. In general, a reviewing court "may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based." *Urda v. Buckingham, Doolittle, & Burroughs*, 9th Dist. No. 23226, 2006-Ohio-6915, ¶ 33, citing App.R. 12(A)(2). Having failed to specifically identify prejudicial error by the trial court, appellant's first assignment of error is overruled.

{¶ 13} Under his second assignment of error, appellant appears to raise a challenge to the sufficiency of service. Specifically, appellant contends the case was "reopened * * * without following proper procedure," and that he did not receive "proper notice." (Appellant's Brief at 5.) Appellant further argues the trial court "erred in failing to produce the original complainant." (Appellant's Brief at 5.)

{¶ 14} A review of the record does not indicate appellant raised the issue of service before the trial court. Further, as noted by the city, the record reflects the trial court filed an entry on April 25, 2017 adding appellant as a party defendant and ordering the clerk to serve a copy of the summons and complaint "upon the new Defendant James Hinkle at 101 Meek Avenue, Columbus." (Apr. 25, 2017 Entry to Add Party Defendant.) According to a trial court docketing entry filed May 2, 2017, appellant received a summons via certified mail (on April 28, 2017), and the record contains a postal service letter/document pertaining to the "delivery information for Certified Mail" that includes an image of the recipient's signature (i.e., "James Hinkle").

{¶ 15} In light of the foregoing, we agree with the city that the record does not support appellant's contention that he failed to receive proper notice. We therefore overrule appellant's second assignment of error.

{¶ 16} Under his third assignment of error, appellant argues the city "tried to add new issues" to the case on two separate dates. (Appellant's Brief at 5.) In support, appellant references the dates of October 17, 2019 (the date of a scheduled hearing before the magistrate), and January 16, 2020 (the hearing date before the trial court on the contempt motion). Appellant, however, fails to identify and/or argue what new issues the city raised on those dates or any resulting prejudice. Accordingly, the third assignment of error is overruled.

{¶ 17} Under the fourth assignment of error, appellant asserts the trial court erred in failing to rule on all motions before it. Specifically, appellant argues the trial court declined to rule on the following three motions (attached as exhibits to his appellate brief and identified as exhibits "B," "C," and "E"): (1) a "[m]otion to sever/remove Stephanie Marshall as a party from the case" (filed by Marshall), (2) appellant's motion to dismiss the case on jurisdictional grounds, and (3) a "[m]otion to sever/remove James Hinkle as a party from the case" (filed by appellant).

{¶ 18} In response, the city argues the trial court issued oral rulings on all the above motions prior to commencement of the contempt hearing on January 16, 2020, dismissing Marshall from the proceedings but denying the motions as to appellant and as to the real property. The city, noting that appellant does not dispute he became the sole owner of the real property on March 31, 2017, further maintains the trial court did not err in failing to dismiss appellant or the real property. In support, the city relies on the provisions of Civ.R. 25(C) (permitting a successor in interest to be substituted into the action as the real party in interest), Civ.R. 21 (governing the addition of parties "by order of the court on motion of any party or of its own initiative"), and Civ.R. 20(A) (allowing the permissive joinder of parties).

{¶ 19} A review of the record indicates that appellant, in his pro se motion to dismiss on jurisdictional grounds, asserted he "requested evidence of jurisdiction" at a hearing on October 17, 2019, but that "[n]o evidence was offered" from either the trial court or the city. (Oct. 29, 2019 Mot. to Dismiss at 1.) Appellant signed his name to the motion and, directly below his signature, he added a citation to "U.C.C. 1-308." (Oct. 29, 2019 Mot. to Dismiss at 2.) In his "[m]otion to sever/remove James Hinkle as a party from the case," appellant cited admiralty law as well as "UCC 1-308" in challenging the jurisdiction of the trial court. (Oct. 8, 2019 Mot. to sever/remove at 2.) In an affidavit attached to that motion, appellant asserted he was a "common man of the Sovereign People."

{¶ 20} As observed by one federal court, jurisdictional challenges/arguments similar to those raised above rely on "what has commonly been described as 'sovereign citizen' theories." *United States v. Leugers*, S.D.Ohio No. 1:16-cv-614 (Sept. 1, 2016). Both federal and Ohio courts have rejected such claims as "patently frivolous." *Id. See also U.S. Bank Natl. Assn. v. Martin*, 1st Dist. No. C-170338 (Oct. 5, 2018), *discretionary appeal not*

*allowed,* 154 Ohio St.3d 1482, 2019-Ohio-173 ("[a]ny claim that the court lacked jurisdiction over [appellant] based on a 'sovereign-citizen' argument is wholly frivolous"); *State v. Few*, 2d Dist. No. 25969, 2015-Ohio-2292, ¶ 6 (rejecting sovereign citizen argument challenging jurisdiction of court, which included references to both civil common law and admiralty law, as "wholly frivolous").

{¶ 21} As indicated, appellant argues the trial court failed to rule on the above motions while the city maintains the court issued oral rulings on all motions prior to commencement of the contempt hearing on January 16, 2020. We note no transcript of the proceedings for the contempt hearing has been provided on appeal (nor has appellant submitted an alternative statement of the evidence or proceedings as allowed under App.R. 9(C)), and we cannot determine from the record whether the trial court orally addressed the motions on that date.

{¶ 22} However, in the event a trial court "fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled." *Siemientkowski v. State Farm Ins. Co.*, 8th Dist. No. 85323, 2005-Ohio-4295, ¶ 39, citing *Fed. Home Loan Mtge. Corp. v. Owca*, 9th Dist. No. 2897-M (Nov. 17, 1999), citing *Maust v. Palmer*, 94 Ohio App.3d 764, 769 (10th Dist.1994). *See also Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's Ents.*, 4th Dist. No. 18CA3646, 2019-Ohio-2110, ¶ 26 ("When a trial court does not expressly rule upon a motion, it is deemed denied when a court enters final judgment."). Furthermore, " 'the fact that a court fails to expressly rule on a motion does not constitute an abuse of discretion.' " *Siemientkowski* at ¶ 39, quoting *Owca.* Here, even if the trial court failed to expressly rule on appellant's motions, they are deemed denied, and appellant has failed to show an abuse of discretion. Accordingly, appellant's fourth assignment of error is overruled.

{¶ 23} Appellant's argument under his fifth assignment of error is not a model of clarity. According to appellant, he was "denied due process to appeal the decisions not made on the motions listed above and that has made this case unnecessarily delayed." (Appellant's Brief at 6.)

{¶ 24} Appellant appears to argue he was denied the opportunity to present an earlier appeal with respect to his motions previously discussed (i.e., appellant's motion to dismiss on jurisdictional grounds and to dismiss himself as a party). As noted by the city,

however, appellant in essence contends he should have been granted an interlocutory appeal from the trial court's denial of his motions to dismiss. In this respect, "[a] denial of a motion to dismiss is not a final appealable order because the party can seek a remedy on appeal after a final judgment is entered," and such rule " 'applies with equal force to motions that challenge the subject matter jurisdiction of a court.' " *Cantie v. Hillside Plaza*, 8th Dist. No. 99850, 2014-Ohio-822, ¶ 24, quoting *Matteo v. Principe*, 8th Dist. No. 92894, 2010-Ohio-1204, ¶ 21. Appellant has, in fact, sought such a remedy by filing the instant appeal from the trial court's judgment. Appellant's fifth assignment of error is therefore without merit and is overruled.

{¶ 25} Under the sixth assignment of error, appellant asserts the trial court lacked jurisdiction to proceed with the case. As with other assignments of error, appellant does not elaborate on his claim that the trial court was without jurisdiction over the matter. As noted previously, however, appellant asserted in his filings with the trial court that the court lacked jurisdiction over him and/or the real property based on so-called "sovereign citizen" theories (i.e., theories grounded in maritime and admiralty law, the U.C.C., etc.). To the extent appellant may rely on such theories on appeal to challenge the trial court's jurisdiction, such reliance is misplaced.

{¶ 26} The city, in response to appellant's challenge to the trial court's jurisdiction over this matter, cites to R.C. 1901.181(A)(1), which states in part:

> [I]f a municipal court has a housing or environmental division, the division has exclusive jurisdiction within the territory of the court in any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation * * *.

{¶ 27} R.C. 1901.011 states in part "[t]here is hereby created * * * an environmental division in the Franklin county municipal court." This court has previously observed that, in accordance with R.C. 1901.181, "the environmental division has 'exclusive jurisdiction within the territory of the court' over civil and criminal actions brought as a result of environmental violations." *State ex rel. Timson v. Latshutka*, 10th Dist. No. 96APD11-1568 (Feb. 11, 1997) (noting "the environmental division of the Franklin County Municipal Court

was established pursuant to R.C. 1901.011," and that "R.C. 1901.181 explicitly provides * * * the power to hear disputes pertaining to alleged environmental violations is granted to the environmental division of the Franklin County Municipal Court").

{¶ 28} On review, appellant has failed to show the trial court lacked jurisdiction over this matter. Accordingly, the sixth assignment of error is not well-taken and is overruled.

{¶ 29} Under the seventh assignment of error, appellant challenges the trial court's imposition of a fine as a contempt remedy. Specifically, appellant contends the court's judgment violates the excessive fines clause of the Eighth Amendment.

{¶ 30} By way of background, the record indicates that the city, on October 18, 2019, filed a motion for contempt pursuant to R.C. 2705.02 and 2727.11. In that motion, the city argued appellant was in violation of the trial court's judgment entry of January 22, 2018, ordering him to bring his property into compliance before April 30, 2018. The city further asserted the real property was in violation of multiple provisions of the Columbus City Code, and that it intended to "present evidence that the Premises does not have water or sanitary service, and is therefore unfit for human habitation." (Mot. for Contempt at 2.)

{¶ 31} The city requested a hearing on the contempt motion. On October 22, 2019, the trial court issued an order to show cause why appellant should not be held in contempt, and the court scheduled a hearing on January 16, 2020.

{¶ 32} On February 7, 2020, the trial court filed a judgment entry stating that the matter "came before the Court" for hearing on January 16, 2020, and that appellant was present (as well as counsel for the city). The trial court's entry reflected that, after consideration of the evidence presented, the court found appellant in contempt, and that the real property was "in violation of Title 47 of the Columbus City Code." The trial court authorized the city to enter upon the nuisance and to abate the nuisance, and the entry further stated "[f]ine is hereby imposed of $50 for each day that the property remains in noncompliance. Fines are to commence forthwith."

{¶ 33} As noted, the city filed a motion for contempt pursuant to the provisions of R.C. 2705.02 and 2727.11. R.C. 2705.02 "defines various kinds of indirect contempt," including contempt regarding " 'disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer.' " *Cleveland v. Bank of N.Y. Mellon*, 8th Dist. No. 99559, 2013-Ohio-3157, ¶ 16, quoting R.C. 2705.02(A). R.C. 2727.11

"governs the enforcement of an injunction or restraining order." *Boston Heights v. Cerny*, 9th Dist. No. 23331, 2007-Ohio-2886, ¶ 18. R.C. 2727.11 states as follows "[a]n injunction or restraining order granted by a judge may be enforced as the act of the court, and disobedience thereof may be punished by the court, or by a judge who granted it in vacation, as a contempt."

{¶ 34} In general, contempt "is the disobedience of a lawful court order," and it "may be classified as either civil or criminal in nature." *Id.* at ¶ 19. The "distinction is based on the character and purpose of contempt sanctions imposed." *Id.* Sanctions that are "designed to benefit the complainant by remedying the contempt or coercing compliance with a court order are civil in nature." *Id.* Further, "[c]ivil contempt is the failure to do something the court has ordered in a civil action for the benefit of the opposing party therein." *Id.* at ¶ 20. By contrast, "[s]anctions for criminal contempt are punitive, rather than coercive, in nature, and are aimed at vindicating the authority of the court." *Cleveland v. Bryce Peters Fin. Corp.*, 8th Dist. No. 98006, 2013-Ohio-3613, ¶ 18.

{¶ 35} Because the purpose of civil contempt sanctions is to " 'coerce compliance with the underlying order or to compensate the complainant for loss sustained by the contemnor's disobedience,' " punishment for civil contempt may " 'be either: (1) remedial or compensatory in the form of a fine to compensate the complainant for the contemnor's past disobedience; or (2) coercive and prospective, i.e., designed to aid the complainant by bringing the defendant into compliance with the order.' " *Cerny* at ¶ 20, quoting *Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶ 51 (7th Dist.), citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 254 (1980).

{¶ 36} Under Ohio law, "[a]n appellate court will not reverse a trial court's finding of contempt, including the imposition of penalties, absent an abuse of discretion." *Heinrichs v. 356 Registry, Inc.*, 10th Dist. No. 15AP-532, 2016-Ohio-4646, ¶ 51, citing *Byron v. Byron*, 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 15. *See also State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981) (a reviewing court "will not reverse the decision of the court below in a contempt proceeding in the absence of a showing of an abuse of discretion").

{¶ 37} As noted above, the record on appeal does not contain a transcript of the hearing on the motion for contempt, nor has appellant submitted a statement of the

evidence or proceedings in lieu of a transcript under App.R. 9(C). Based on the limited record before this court (i.e., the judgment entry finding appellant in contempt), it appears the purpose of the sanction imposed (a fine of $50 "for each day that the property remains in noncompliance," with such fines to "commence forthwith") was coercive in nature, meant to compel appellant to bring the property into compliance with the court's order. *See*, *e.g.*, *State ex rel. Fisher v. B & B Ents.*, 5th Dist. No. CA-92-1 (May 5, 1993) (entry providing defendants shall pay a fine of $100 per day that each of the defendants' "non-compliant" oil and gas wells "*remains* in non-compliance with" trial court's prior order was in the nature of a civil contempt proceeding, and for the benefit of the plaintiff, where plaintiff sought compliance with the court's prior decree and sanctions were imposed only if defendants continued to violate court's order) (Emphasis sic.). *See also Bank of N.Y. Mellon* at ¶ 34, quoting *Internatl. Union v. Bagwell*, 512, U.S. 821, 829 (1994) (contempt was civil in nature where trial court "used a per diem fine" imposed for each day defendant failed to comply with court order in order "to 'exert a constant coercive pressure' on" defendant).

{¶ 38} Here, given the nature of the contempt sanctions, i.e., indirect civil contempt, appellant's Eighth Amendment argument is not persuasive, as "[t]he excessive fines clause of the Eighth Amendment does not apply to civil contempt sanctions." *Cleveland v. Paramount Land Holdings*, *LLC*, 8th Dist. No. 96180, 2011-Ohio-5382, ¶ 23. Further, based on the limited record on appeal, we are unable to conclude the trial court abused its discretion in finding appellant in contempt and, therefore, the seventh assignment of error is overruled.

{¶ 39} Under his eighth assignment of error, appellant requests this court to order the court reporter "to transcribe a complete transcript of proceedings in the case * * * including all testimony; motions hearings before, during and after trial; arguments; and, any other parts of the case/trial which were recorded." (Appellant's Brief at 6-7.) Appellant's request is based on his contention that the trial court denied him "access to the courts" by denying his affidavit of indigency when "[t]he judge sent her bailiff out to inform me that she denied it." (Appellant's Brief at 6.)

{¶ 40} We note a review of the record of proceedings before the trial court does not indicate the filing of an affidavit of indigency before that tribunal. We further note (even

assuming appellant could demonstrate a right to a transcript at the city's expense on appeal) appellant did not file with this court an affidavit of indigency.[1]

{¶ 41} Moreover, as previously discussed, appellant "could have availed himself of the options available under App.R. 9(C)," which "allows an appellant to submit a narrative transcript of the proceedings when a transcript is unavailable, subject to objections from the appellee and approval from the trial court," or he could have utilized App.R. 9(D) which "authorizes parties to submit an agreed statement of the case in lieu of the record." *Columbus v. Link*, 127 Ohio App.3d 122, 125 (10th Dist.1998).  In this respect, "[t]he Ohio Supreme Court has described the App.R. 9(C) narrative statement as 'an available, reliable alternative to an appellant unable to bear the cost of a transcript.' "  *Id.*, quoting *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986).  On review, the record on appeal does not support appellant's contention that the trial court denied him "access to the courts" with respect to a transcript.  Appellant's eighth assignment of error is not well-taken and is overruled.

{¶ 42} Based on the foregoing, appellant's eight assignments of error are overruled, and the judgment of the Franklin County Municipal Court, Environmental Division, is hereby affirmed.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____

---

[1] We note appellant filed with this court (on February 7, 2020) an unsigned financial disclosure form.