[Cite as *Marshall v. Ginther*, 2022-Ohio-2699.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stephanie Marshall, | : | |
| Plaintiff-Appellant, | : | No. 21AP-664 |
| | | (C.P.C. No. 21CV-6160) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Andrew Ginther, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 4, 2022

**On brief:** *Stephanie Marshall*, pro se. **Argued:** *Stephanie Marshall.*

**On brief:** *Zach Klein*, City Attorney, and *Andria C. Noble*, for appellee. **Argued:** *Andria C. Noble.*

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Stephanie Marshall, appeals from a judgment of the Franklin County Court of Common Pleas, dismissing her complaint against defendant-appellee, City of Columbus Mayor Andrew Ginther.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Appellant filed a complaint against appellee on September 29, 2021, alleging malicious prosecution and abuse of process in connection with appellee's prosecution of case No. 2016-EVH-60329 filed in the Franklin County Municipal Court. The relevant factual allegations in the complaint are as follows:

> This case starts out as a land contract between I, stephanie marshall, and OH SEVEN LLC, later to be known as AMC, LLC, in 2012. james hinkle, the current owner, was never in a contract with OH SEVEN LLC/AMC LLC.

> Then in 2015, I, stephanie marshall, went to court with OH SEVEN LLC,/AMC LLC. We settled out of court, and then james hinkle became the sole owner of 101 Meek Ave, Columbus, Oh 43222, the property in the case, on March 31, 2017.
>
> During this time case 2013EVH060213 was handled by Kroflich, Kristen M and closed on 10/02/2014 captioned ENV CIVIL DISMISSED WITHOUT PREJUDICE.
>
> The case was later reopened by Stephen Dunbar with OH SEVEN LLC/AMC LLC. When james h. hinkle came into ownership of the property, the prosecutor on the case voluntarily released OH SEVEN LLC/AMC LLC from the case.
>
> The judgement was appealed from the trial on 1-16-2020. For case 20-AP-79, I had been dismissed by the environmental court via The City of Columbus' Brief of Appellee, on page 5, "At said hearing, the court orally granted Hinkle's motion to dismiss Marshall."
>
> They reopened the case against me for a status conference even though I was removed from the case and am not the lawful owner of the property 101 Meek Ave, Columbus, Ohio 43222.

(Sic passim.)  (Sept. 29, 2021 Pl.'s Compl. at 2-3.)

{¶ 3}     There is no dispute that the trial court found that the real property in question was a public nuisance, and fined Hinkle $50 for every day the property was out of compliance with the code.  Appellant was not fined.  The trial court subsequently found Hinkle in contempt, which lead to the appeal.  This court affirmed the judgment of contempt against Hinkle and remanded the case for further proceedings.  *Columbus v. ACM Vision, V, LLC*, 10th Dist. No. 20AP-79, 2021-Ohio-925.  Appellant was not a party to the appeal.[1]

{¶ 4}     The basis of appellant's malicious prosecution claim in the present case is her allegation that, on remand, the city "reopened the case against me for a status conference

---

[1] The decision in *Columbus v. ACM Vision, V, L.L.C.*, 10th Dist. No. 20AP-79, 2021-Ohio-925 contains the following reference to appellant: On January 22, 2018, the trial court conducted an environmental injunction hearing. By entry filed on that date, the trial court found the real property to be a public nuisance. The court ordered the remaining defendants (i.e., appellant and Marshall) to bring the property into compliance and the court authorized the city to enter upon the real property to abate the nuisance. On September 3, 2019, Marshall filed a pro se motion seeking her removal as a party to the case based on her assertion that she did not have any legal or lawful responsibilities with respect to the real property as of March 31, 2017. *Id*. at ¶ 4-5.

even though I was removed from the case and am not the lawful owner of the property 101 Meek Ave, Columbus, Ohio 43222." (Pl.'s Compl. at 3.) The basis of the abuse of process claim is service upon appellant of a notice of status conference in case No. 2016-EVH-60329.

{¶ 5} Appellee moved the trial court for dismissal of the complaint, arguing that the complaint failed to state a claim upon which relief may be granted and, alternatively, the statute of limitations barred appellant's claims arising out of the 2013 litigation. On November 19, 2021, the trial court concluded the complaint failed to state a claim for malicious prosecution arising out of the 2016 case because appellant did not allege seizure of her person or property, and because the complaint was barred by the one-year statute of limitations. The trial court further concluded the complaint failed to state a claim for abuse of process because appellant acknowledged that the suit was initially commenced against her with probable cause, and she did not allege facts to support an inference of an ulterior motive for continuing the case against her. Accordingly, the trial court granted appellee's motion and dismissed appellant's complaint with prejudice.

{¶ 6} Appellant appealed to this court from the November 19, 2021, judgment.

## II.  ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

> [1.] The assignment of error rests on the courts in the abuse of
> the process of transferring the assigned trial judge: Judge Frye
> to Judge Lynch.

## III.  LEGAL ANALYSIS

{¶ 8} In appellant's sole assignment of error, appellant claims that the trial court erred and committed an abuse of process by transferring the case from Judge Frye to Judge Lynch. Appellant's assignment of error lacks merit.

{¶ 9} We customarily conduct a de novo review of a trial court's judgment granting a motion to dismiss for failure to state a claim upon which relief can be granted. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 12, citing *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9. In conducting such a review, we affirm the judgment if it appears, beyond doubt, that the

plaintiff can prove no set of facts entitling him to relief. *Prime Invests., LLC* at ¶ 11, citing *Hostacky v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-349, 2021-Ohio-4464, ¶ 4. Here, however, appellant's assignment of error and her argument in support of her assignment of error, focus exclusively on the alleged transfer of the case from Judge Frye to Judge Lynch. Consequently, appellant's assignment of error is not directly related to the merits of the trial court's judgment.

{¶ 10} Appellant claims that reversible error occurred because Judge Lynch issued the decision granting appellee's motion to dismiss, even though Judge Frye was initially assigned to the case. Both the record in this case and the applicable rules of court belie appellant's claim.

{¶ 11} Pursuant to Ohio Sup.R. 36.011(A), "each multi-judge general, * * * division of a court of common pleas; * * * shall adopt the individual assignment system for the assignment of all cases to judges of the court or division, as applicable." Pursuant to Ohio Sup.R. 36.011(B), "[c]ases shall be assigned pursuant to the individual assignment system * * * [by] a court of common pleas, when a complaint or petition is filed with the clerk of court." Under Ohio Sup.R. 4.01(C), one of the duties of the Administrative Judge is to "assign cases to individual judges of the court."

{¶ 12} For cases pending in Franklin County, Ohio, the applicable local rule is Loc.R. 31 of the Court of Common Pleas of Franklin County, General Division, which provides in relevant part:

> 31.01 General: All cases shall be assigned on a single assignment basis. Each case shall be assigned to a specific judge when filed and shall remain with that assigned judge until reassignment or final disposition. All decisions relating to the case shall be made by the assigned judge.
>
> * * *
>
> B. Transfer or re-assignment of cases: Nothing in this rule shall prevent the transfer of a either a civil or criminal case(s) from one assigned judge to another. Such a transfer shall specify the reason(s) for the transfer and shall be approved by the Administrative Judge.

{¶ 13} The original scheduling order generated by the Franklin County Clerk of Court on September 29, 2021, the same date appellant filed her complaint, identifies Judge

Lynch as the judge assigned to the case. Every entry, order, or judgment filed in the case subsequent to appellant's September 29, 2021, complaint, identifies Judge Lynch as the judge assigned to the case. There is no order or entry in the record either assigning or reassigning this case to Judge Frye. Thus, the record fails to support appellant's claim that the case was assigned to Judge Frye.

{¶ 14} We note that Judge Frye is mistakenly identified as the assigned judge in the caption of appellee's motion to dismiss and by both parties in subsequent memoranda submitted in connection with the motion. The motion to dismiss and related memoranda are the only instances in the record where "Judge Frye" is mentioned. Under the applicable rules of court, the mistaken identification of the assigned judge in motions or memoranda, filed by the parties, cannot effect a reassignment of a case to a different judge, as the reassignment of a civil case is reserved to the Administrative Judge. Ohio Sup.R. 4.01(C); Loc.R. 31(B) of the Court of Common Pleas of Franklin County, General Division. Accordingly, appellant's assignment of error is legally and factually unsupportable.

{¶ 15} Moreover, even if we were to agree with appellant that the case was wrongfully transferred to Judge Lynch, which it was not, appellant does not claim Judge Lynch erred in ruling on the merits of appellee's motion to dismiss. Thus, she cannot establish reversible error. *See* Civ.R. 61.

{¶ 16} For the foregoing reasons, appellant's sole assignment of error is overruled.

**IV. CONCLUSION**

{¶ 17} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and NELSON, J., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under the authority of the Ohio Constitution,
Article IV, Section 6(C).

———————————