[Cite as *State v. Blacker*, 2025-Ohio-3085.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 25AP-244<br>(C.P.C. No. 21CR-993) |
| Nathanial C. Blacker, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on August 28, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee.

**On brief:** *Nathanial C. Blacker*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Nathanial C. Blacker, appeals the April 8, 2024 decision of the Franklin County Court of Common Pleas denying his petition for postconviction relief. On May 4, 2023, Blacker was convicted after a jury trial. On May 11, 2023 and following a jury trial, the trial court sentenced Blacker to an aggregate term of 18 to 22 years incarceration for felonious assault with a repeat violent offender specification. This court affirmed Blacker's conviction and sentence on November 26, 2024. *See State v. Blacker*, 2024-Ohio-5611, (10th Dist.) ("*Blacker I*") *jurisdictional motion overruled* at 2025-Ohio-1283, 178 Ohio St.3d 1432.

{¶ 2} Blacker filed a timely pro se postconviction petition in the case on January 23, 2024. Following briefing, the trial court denied the petition without a hearing:

> The Ohio Revised Code vests a court of common pleas with jurisdiction over crimes and offenses classified as felonies. R.C.

2931.03. The court has subject matter jurisdiction over Defendant's felony. The court also has jurisdiction over Defendant personally, as he is alleged to have committed the offenses defined by the Ohio Revised Code while within the State of Ohio. To the extent that Defendant appears to raise "sovereign citizen" arguments pertaining to this court's authority and the State's authority in general, such arguments have been soundly rejected by the Tenth District. *Columbus v. Hinkle*, 10th Dist. No. 20AP-79, 2021-Ohio-925, P20 (finding sovereign citizen arguments are "patently frivolous").

. . .

Defendant's argument is barred by res judicata. Res judicata precludes the Court's consideration of any claim that could have been raised below. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Defendant's claims were raised or could have been raised before or during trial.

. . .

Before a defendant can obtain an evidentiary hearing, the defendant must provide evidentiary documentation setting forth specific operative facts to support his claims. See *State v. Kapper*, 5 Ohio St. 3d 36 (1983). Defendant has not filed or included any evidentiary support for his claims.

. . .

For the above reasons, the Court finds Defendant's Petition not well taken and is **DENIED**.

(Emphasis in original.) (Jan. 23, 2024 Entry at 1-2.) Because the docket does not indicate that Blacker was served with a copy of the denial in accordance with Civ.R. 58(B) and 5(B), his appeal is timely, and he now asserts three errors with the trial court's judgment:

I. The trial court violated appellant's due process rights when it made a finding that the post-conviction petition lacks merit.

II. The trial court violated appellant's due process rights when it made a finding that the post-conviction petition is barred by the doctrine of res judicata.

III. The trial court violated appellant's due process rights when it made a finding that the post-conviction petition was not supported by documentary evidence.

{¶ 3} All three assignments challenge the trial court's decision to deny Blacker's petition without a formal hearing, and this court reviews a trial court's decision denying a postconviction petition without a hearing for an abuse of discretion. *See, e.g., State v. Howard*, 2016-Ohio-504, ¶ 15-21 (10th Dist.), (citing and quoting cases). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, "a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Sidibeh*, 2013-Ohio-2309, ¶ 7 (10th Dist.), quoting *State v. Gondor*, 2006-Ohio-6679, ¶ 58.

{¶ 4} We set forth the detailed facts of Blacker's crimes and the procedural history of his case in our decision affirming his case on direct appeal and need not repeat them here. *See Blacker I*, ¶ 2-32. In brief, on March 5, 2021, Blacker assaulted his live-in girlfriend, E.T., by punching her in the mouth and stabbing her over 16 times, and this assault was witnessed by two other individuals. *Id.* at ¶ 4-11. On appeal, he argued that his right to a speedy trial had been violated, that he was prejudiced by the admission of evidence of his post-arrest silence, that the court improperly refused to instruct the jury on the offense of aggravated assault, that he received constitutionally ineffective assistance of trial counsel, that the trial court erred by permitting E.T. to display her scars to the jury, that his conviction for the repeat violent offender specification lacked sufficient evidence, and that his convictions were against the manifest weight of the evidence. We overruled all his assigned errors and affirmed his convictions. *Id.* at ¶ 137.

{¶ 5} Blacker now argues that his conviction lacks merit because his "petition proves that Ohio was not admitted into the Union in 1803," that the petition "proves a myriad of facts [sic] showing the application of pre-1914 federal laws govern Ohio territory," and that the trial court wrongly dismissed these arguments "as a 'sovereign citizen' conjecture when [the petition] raises un refutable [sic] claims." (Brief of Appellant at v.) He also argues that the "William Howard Taft was not the 27th President of the United States," that "the 17th Amendment and any laws past post 1914 are void ab initio," that the court erred by applying the doctrine of res judicata to summarily dismiss his claims prior to a hearing, that his foregoing arguments were not barred by res judicata because they were sua sponte denied by the trial court, and that the trial court erred by dismissing his

petition for lack of support by attached documentary evidence. *Id.* He also asserts that Nathanial C. Blacker is "civilly dead," that the estate of Nathanial C. Blacker is "administered by its Executor, the Dead Traveler Trust," and that "Nathanial Colin of the Blachere family whom is known by his first and last name, Nathanial Colin, is a Fiduciary trustee for the Dead Traveler Trust," and that all these propositions are "indisputable." *Id.* at 1. He goes on to argue that because Ohio was not a state it had no jurisdiction over him, that therefore his conviction is void ab initio, and that therefore res judicata cannot apply, *id.* at 2, and that the trial court improperly refused to hold a hearing allowing him to present his claims regarding the status of the state of Ohio. *Id.* Finally, he contends that his petition was supported by documentary evidence because he "does not argue that specific parts of the ORC and Ohio Constitution have no merit but that the entirety of same is not valid law," and because he attached to his petition a copy of H.J.R. 121, 67 Stat. 407 - Public Law No. 83-204 (08/07/1953) which was apparently the first formal acknowledgment of Ohio's admission to the Union (although it retroactively acknowledged that admission to March 1, 1803), *see id.*, as well as a copy of a financing statement and a memorandum of trust identifying "the person Nathanial Blacker as a decedent's estate." (Emphasis in original.) (Brief of Appellant at 3-4.)

{¶ 6} Blacker has raised similar arguments in the past, and they have been rejected. *See, e.g., State v. Blacker*, 2009-Ohio-5519, ¶ 6-10 (12th Dist.) ("*Blacker II*"), and *State v. Blacker*, 2011-Ohio-3916, ¶ 26-30 (12th Dist.) ("*Blacker III*"). Notwithstanding the academic question raised by H.J.R. 121, no court in any jurisdiction has ever accepted the argument that Ohio was not admitted as the 17th state to the Union in 1803, even though it is occasionally the source of "friendly conjecture among history buffs . . . ." *Bowman v. United States*, 920 F.Supp. 623, 624, fn. 1 (E.D.Pa. 1995), quoting Switzer, John, *Yes, Virginia, Ohio is a State, Columbus Dispatch* (Feb. 23, 1993) at 8B. As the *Bowman* court observed:

> [I]n 1953, on the occasion of the sesquicentennial of Ohio's admission to statehood, Congress -- on being advised that in 1803 there had been no presidentially approved congressional declaration of Ohio's admission -- enacted, and President Eisenhower signed, a resolution declaring Ohio's statehood, retroactive to March 1, 1803. This event appears to have been purely ceremonial, however; for instance, there is no indication that Congress saw it to be necessary to correct the many

> problems that would have resulted had there been an actual
> defect in the process of Ohio's admission to the Union.

*Bowman*, 920 F.Supp. at 625, fn. 4.  Moreover, the trial court correctly dismissed both of Blacker's contentions—that Ohio is not a state and that he is civilly dead anyway—as unworthy of its attention.  The very documents that Blacker has relied upon to demonstrate that he is "civilly dead" and that he is in reality simply the administrator of a "Dead Traveler Trust" were issued by officers of the government of Ohio—which he also claims does not legally exist.  As we observed in *Columbus v. ACM Vision, V, LLC*, 2021-Ohio-925, ¶ 20 (10th Dist.), "jurisdictional challenges/arguments similar to those raised above rely on 'what has commonly been described as "sovereign citizen" theories,' " and "[b]oth federal and Ohio courts have rejected such claims as 'patently frivolous.' "  Accordingly, the trial court did not abuse its discretion by denying Blacker's petition without a hearing, since Blacker is not entitled to a hearing on frivolous arguments.

{¶ 7}   For all the foregoing reasons, we overrule Blacker's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas denying Blacker's postconviction petition without a hearing.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.